*16 Neb, 235*

A. SCHOENHEIT ET AL., PLAINTIFFS IN ERROR, V. JAMES NELSON, DEFENDANT IN ERROR.

1. **Foreclosure of Tax Liens.** The amendment of 1871 to the revenue law, authorizing the foreclosure of tax liens, applies to taxes then due which were a lien upon real estate.

2. ———: LIMITATION. The statute of limitations does not begin to run against the right to foreclose the tax lien until the title acquired by the tax deed fails.

3. ———: PAYMENT OF SUBSEQUENT TAXES. A purchaser at tax sale may pay all taxes thereafter accruing which are legally chargeable against the land purchased, and add the same to his claim in the enforcement of his lien.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*Isham Reavis* and *A. Schoenheit,* for plaintiffs in error.

*A. R. Scott* and *C. Gillespie,* for defendant in error.

MAXWELL, J.

This action was brought by Nelson to foreclose certain tax liens upon real estate in Richardson county. A demurrer to the petition was overruled in the court below and a decree of foreclosure entered.

It is alleged in the petition, in substance, that in September, 1864, one B. F. Cunningham purchased the land in controversy for the delinquent taxes due thereon for the years 1862 and 1863, and that he paid the taxes accruing thereon for the years 1864 and 1865; that in September, 1870, he purchased said land for the taxes due thereon for the years 1866, 1867, 1868, and 1869, and in September, 1871, he again purchased said land for the taxes due thereon for the year 1870. In 1875, Cunningham sold and assigned his certificates of purchase to one Grable, who in

that year obtained "three separate tax deeds on the three separate tax sales of said lands." In the year 1880, one Jesse Crook brought an action of ejectment against Grable, and recovered the possession of the land in question. Afterwards, Grable sold and assigned all his interest in said premises to Nelson. There are other allegations to which it is unnecessary to refer.

The revenue law of 1858, 1864, and 1869, made taxes a perpetual lien upon real estate, but provides no mode of enforcing the same. In 1871 the law was amended so as to authorize the foreclosure of the lien as in cases of mortgages. The proper construction of the amendment of 1871 was before this court in *Miller v. Hurford*, 11 Neb., 377, and *Miller v. Hurford*, 13 Id., 14, and· we adhere to those decisions. If the title acquired by a tax purchaser fails, he may enforce the tax lien by proceedings to foreclose the same. *Peet v. O'Brien,* 5 Neb., 360. *Pettit v. Black*, 8 Id., 52. *Wilhelm v. Russell,* Id., 120. *Miller v. Hurford,* 11 Id., 377. S. C., 13 Id., 13. *Towle v. Holt*, 14 Id., 222. *Reed v. Merriam,* 15 Neb., 323. *Zahradnicek v. Selby,* 15 Neb., 579. The law authorizing the foreclosure of tax liens then existing or afterwards to exist merely provides an additional remedy in favor of the tax purchaser for the enforcement of his rights.

The distinction between the remedy and the right is very clearly drawn by Chief Justice Marshall in *Sturges v. Crowninshield*, 4 Wheat., 122, where it is said, "The distinction between the obligation of a contract and the remedy given by the legislature to enforce that obligation has been taken at the bar, and exists in the nature of things. Without impairing the obligation of the contract, the remedy may certainly be modified as the wisdom of the nation shall direct."

That laws affecting the remedy merely may be passed by the legislature is now too well settled to require the citation of authorities. And as the amendment of 1871 did not

grant any additional *lien* for taxes past due, but merely provided a remedy to make the lien available, it did not therefore contravene any provision of the constitution.

The revenue law in force when these sales were made did not require the purchaser at tax sale to take out a deed in two years from the date of purchase, the language being, "if no person shall redeem such lands within two years, at any time after the expiration thereof, and on production of the certificate of purchase, the treasurer of the county in which the sale of such land took place shall execute to the purchaser," etc., a conveyance, etc. Laws of 1864, 31. Revised Statutes, 330. Laws of 1869, 205. The rights of the tax purchaser therefore were not prejudiced by the delay.

The action of ejectment was brought in 1880, and it was then adjudged that the title under the tax deeds had failed. The right to enforce the tax liens then became operative, and the statute of limitations did not begin to run against the right to foreclose the tax lien until such failure of title.

In *Miller v. Hurford*, 11 Neb., 385, it is said, "We are not entirely clear as to the right of the plaintiff to add the taxes paid for the years 1870 and 1871." In that case the land had been sold for the taxes due thereon for the years 1873, 1874, and later years. The doubt expressed was, whether under the peculiar language of the statute a purchaser at tax sale could voluntarily pay taxes due upon the land for several years prior to his purchase, and add the same to the amount of his claim. A mortgagee, to protect his security, may pay taxes which are a legal charge upon the mortgaged premises. *Faure v. Winans*, Hopk., 283. *Eagle Ins. Co. v. Pell*, 2 Edw. Ch., 631. *Burr v. Veeder*, 3 Wend., 412. The extent to which this rule would apply in favor of a purchaser at tax sale is not now before the court, although no good reason would seem to exist against its application in such case.

In the case at bar, however, the taxes paid by the purchaser accrued after his purchase, and the statute expressly authorizes such payment. It is clear that justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.