Helphrey v. Redick.

F. P. HELPHREY, APPELLEE, v. JOHN I. REDICK, JR., ET AL., APPELLANTS.

1. **Judgment:** HOW FAR BINDING. A judgment only binds parties and privies. A tax purchaser of real estate not a party to an action to enjoin the treasurer from issuing a deed, nor appearing in the action, is not bound by the decree.

2. **Taxes:** FORECLOSURE OF TAX LIEN. An action to foreclose a tax lien on real estate may be brought on the tax certificate where it is alleged in the petition that a deed would be invalid if issued, and such action may be brought within the same time as if brought on a tax deed, the title under which had failed.

3. ———: REDEMPTION: NOTICE. A notice to redeem is not indispensible before bringing an action to foreclose a tax lien, although the failure to give such notice in certain cases may affect the question of costs. *Lammers v. Comstock*, 20 Neb., 341.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*John I. Redick* and *Redick & Redick*, for appellant.

*Groff, Montgomery, & Jeffery*, for appellee.

MAXWELL, CH. J.

In December, 1881, the appellee filed a petition in the district court of Douglas county in which he alleged that in September, 1876, he purchased at public tax sale the north half of the north-east quarter of the north-east quarter of section 9, T. 15, R. 13 in said county for $68.18, being the taxes due on said land for the year 1875; that he afterwards paid the taxes due on said land for the year 1876, being $131.70, and for 1877, being $117.35; that before a tax deed was issued to the appellee, the appellant, Redick, obtained an injunction restraining the county treasurer from issuing said deed.    The appellee waives all claim to the title to said property, but seeks to enforce his lien for taxes thereon amounting to the sum of $317.23, with interest, etc.    In February, 1877, the appellant, Redick, was appointed guardian *ad litem* for the minor defendants, and filed an answer as follows:

"1.    That their grantor, John I. Redick, brought suit, and obtained an injunction which was afterwards made perpetual, enjoining the county treasurer from issuing a tax deed for said property to the purchaser, on the ground that all the taxes for which it was sold were illegal and void; and the decree entered therein has never been reversed, and plea ling said decree in bar of this action.

"2.    That the defendants are all minors, and became the owners of the property March 13th, 1878.

"3.    That at the time of sale John I. Redick had plenty of personal property to pay the taxes.

"4.    That the cause of action did not accrue within five years next before the commencement of the suit, and is barred.

"5.    That the taxes are illegal and void for the want of a valid assessment.

"6.    That no notice was served upon them as required by section 123 of revenue law."

6

And on March 18th, 1885, plaintiff filed his reply as follows:

"That he was not served and did not voluntarily appear in said injunction suit, and denying specifically all the allegations of the answer, except that defendants are minors."

Afterwards there was a trial to the court, and the following proceedings were had:

The plaintiff introduced the petition in the case of John I. Redick vs. W. F. Heins, treasurer of Douglas county, and F. P. Helphrey, alleging that plaintiff was the owner of the N. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of sec. 9, T. 15, R. 13, in said county; that a portion of it had been sold to said Helphrey for the taxes of 1875; that said taxes were illegal and void for reasons set forth in said petition; that said Helphrey is about to take out a deed, and asking an injunction, etc., etc.

Also the temporary order of injunction enjoining the treasurer from issuing a deed.

Also return on summons showing personal service on said Heins, and that the defendant Helphrey could not be found in Douglas county.

Also entry of default against Heins, and the decree in said cause finding all the allegations of the petition to be true; that the sale and certificate were unauthorized and void; that the assessment was illegal, and did not become a lien on said property, and decreeing that the injunction be made perpetual.

After argument the cause was taken under advisement, and on October 15, 1885, a decree was entered finding in favor of the plaintiff; that the plaintiff's title had failed, and that he had a lien for $628.55; that defendants pay said amount within 30 days or the property be sold, etc. to all of which findings defendants excepted.

Two questions are presented by the record. *First,* Is the appellee estopped from maintaining the action by the decree against the treasurer of Douglas county? *Second,* Is the action barred by the statute of limitations?

*First.*   At the time the proceedings against the treasurer of Douglas county were instituted, the treasurer had sold the land to the appellee for the taxes due thereon. The county, so far as this record shows, had no interest in the controversy, all taxes against the land having been paid. The appellee was not made a party to the proceeding and did not appear therein. It will not be contended that Douglas county, with the money of the tax purchaser in its treasury, which money it had received on a sale of the real estate in controversy for taxes, could bind such tax purpurchaser without giving him his day in court. Only parties and privies are bound by a decree. To make a matter *res adjudicata,* there must be a concurrence, 1st of identity of the subject matter; 2d, that the former suit was between the same parties in the same right or capacity or their privies claiming under them. *Bigelow v. Winsor,* 1 Gray, 299. The appellee—the real party in interest, not being a party to the action, nor before the court, the decree as to him is no bar to this action.

*Second.*   That the action is barred, not having been brought in five years from the time the cause of action accrued. It will be observed that the tax sale took place in September, 1876, and the action was brought in December, 1881, no tax deed having been issued. The failure of the appellee to obtain a tax deed is explained by the injunction against the treasurer by which he was prohibited from issuing such deed. In a number of cases decided by this court it has been held that the statute did not run against the right to foreclose the lien until the title acquired by the tax deed had failed. *Holmes v. Andrews,* 16 Neb., 296. *Schoenheit v. Nelson,* Id., 235. *Bryant v. Estabrook,* Id., 217. *Zaradnicek v. Selby,* 15 Neb., 579. *Towle v. Holt,* 14 Neb., 222. *Miller v. Hurford,* 13 Neb., 14. *Wilhelm v. Russell,* 8 Neb., 120. *Petit v. Black,* 8 Id., 52. *Peet v. O'Brien,* 5 Neb., 360.

Under our present statute it is unnecessary to take out a

tax deed, but the tax purchaser may in lieu thereof file his petition to foreclose the lien and allege therein that a tax deed would be invalid. He may then, if the taxes are a lien upon the real estate, have a decree of foreclosure and sale. Such action may be brought within the same time that it could have been brought had a deed been issued. The law does not require a needless act. If no title could be acquired by a tax deed it need not be issued as a matter of form before an action of foreclosure is brought. The action could not be brought until the time given to redeem had expired, as the right to a deed in no case would become absolute until after the expiration of the time to redeem, and this would bring the action within the provisions of the statute.

Objection is made that no notice was served upon the appellants, but this is not fatal to an action to foreclose the lien. *Lammers v. Comstock*, 20. Neb., 341. At most it can only affect the costs. No complaint is made as to the amount of the decree, and it is apparent that justice has been done. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.