LYDIA MERRIAM, EXECUTRIX, ETC., PLAINTIFF IN ERROR, v. VALENTINE RAUEN ET AL., DEFENDANTS IN ERROR.

Taxes: TAX SALE: ILLEGAL TAX DEED: LIEN OF PURCHASER: INTEREST. In an action by the purchaser of land at a tax sale held in the year 1872 for the delinquent taxes of 1871, where he also paid the prior taxes on said land for 1870, and the subsequent taxes for 1872, 1873, and 1874, for the settlement of his title and interest in said land, and for a lien thereon for the amount bid at said sale, and the amounts paid for said taxes, and where, upon the trial, the court found that the taxes for which said sale was made were legally assessed and levied, and said sale legal and regular, but that the plaintiff's title to said land had failed by reason of the illegality of his tax deed therefor,

*Held,* That the plaintiff was entitled to a lien upon said land
for the amount bid at said sale, and the several sums paid for
prior and subsequent taxes, together with interest on said sev-
eral sums from the date of said sale, and said several payments
respectively, at the rate of 40 per cent per annum up to the ex-
piration of two years from the date of said sale, and at the rate
of 12 per cent per annum thereafter.

ERROR to the district court for Cass county. Tried
below before HAYWARD, J.

*S. P. Vanatta,* for plaintiff in error.

*M. A. Hartigan,* for defendant in error.

COBB, J.

The only question involved in this case is, as to the rate
of interest to which the plaintiff is entitled on the several
sums paid by him, for the purchase of the real property de-
scribed in the pleadings, at the sale thereof for delinquent
taxes, and for subsequent taxes thereon, the plaintiff's title
to said real estate having failed for the reason that the tax
deed therefor was not executed, sealed, and acknowledged
in accordance with law.

The district court found that, "the taxes set forth in the
petition were duly and legally assessed, and were paid by
the plaintiff as set forth in the petition; that the land was
sold by the treasurer of Cass county for the delinquent
taxes, as set forth in said petition, and was purchased by
plaintiff, and that the subsequent taxes as therein alleged
were paid by the plaintiff." The court further found that
the taxes so paid by the plaintiff, with interest and costs,
amounted at the date of the judgment to the sum of $148,
and decreed the same to be a lien upon the said real estate
for that amount.

The plaintiff brings the cause to this court on error.
There are several errors assigned, but none of them are

insisted on by plaintiff, in the brief, except the one out of which arises the question of interest, and our examination will be confined to that.

It appears from the record that the above amount found for the plaintiff, consisted of the several sums actually paid by him for the purchase of the lot at the sale thereof for delinquent taxes, previous and subsequent taxes paid thereon, and interest on the several sums paid, at the rate of ten per cent per annum.

In the several cases of *Zahradnicek v. Selby*, 15 Neb., 579, *Sullivan v. Merriam*, 16 Id., 157, and *Shelley v. Towle*, Id., 194, it was held that in cases where all the proceedings, from the assessment and levy of the taxes up to the sale of the land, were regular and legal, but the tax deed held to convey no title, by reason of illegality in its form or execution, and the grantee in such ineffective deed was given a lien on the land for the taxes paid, he would be entitled, in cases where the sale occurred while chapter 66 of the General Statutes was in force, to interest at the rate of 40 per cent from the date of the sale or payment of prior or subsequent taxes up to the expiration of two years from the date of the sale, and at the rate of twelve per cent per annum thereafter; and in cases where the sale occurred after the taking effect of the revenue law of 1879, chapter 77, Compiled Statutes, to interest at the rate of 20 per cent from the date of the sale, or payment of prior or subsequent taxes, up to the expiration of two years from the date of the tax sale, and at the rate of ten per cent. thereafter.

There can be no doubt of the rule established by these cases, so far as the rate of interest for the first two years. after the sale is concerned. These rates of interest are. provided, in the several statutes referred to, to be paid by the owner of the land upon its redemption from tax sale,. and two years is the limit of time from the date of sale allowed him in which to redeem. It would be both inequi--

table and against the policy of the law to allow the delinquent and recalcitrant tax-payer, to not only retain his lands, but also reduce the rate of interest, by reason of a mistake or blunder on the part of the county treasurer in drafting or executing the tax deed. As to the rate of interest after the expiration of the time allowed the landowner in which to redeem the land from tax sale, the writer does not fully see the ground upon which the said decisions rest, and were it not for them he would be inclined to adopt the rate provided by law, generally, for the withholding of money; but the rate having been thus established it will be adhered to.

The sale of the lot for delinquent taxes, and the purchase thereof by the plaintiff, as well as the payment of prior and subsequent taxes thereon, having been made prior to the taking effect of the revenue law of 1879, and while chapter 66 of the General Statutes was in force, the plaintiff was entitled to interest thereon at the rate of 40 per cent per annum, until the expiration of two years from the date of the sale, and at the rate of 12 per cent per annum thereafter; and the judgment of the district court, in so far as it allowed interest at lower rates respectively, is reversed. It is referred to the deputy clerk of this court to compute the principal and interest due the plaintiff, at the rate above indicated, and a decree will be entered in this court for the plaintiff accordingly, and for a lien on the said lot therefor, and a sale of said lot, unless the amount so computed and found, with interest thereon, be paid within six months from the date of such decree.

DECREE ACCORDINGLY.

THE other judges concur.