D'Gette v. Sheldon.

| 27 | 829 |
|----|-----|
| 30 | 795 |
| 27 | 829 |
| 33 | 221 |
| 33 | 329 |
| 33 | 747 |
| 27 | 829 |
| 36 | 392 |
| 27 | 829 |
| 38 | 814 |
| 27 | 829 |
| 41 | 276 |
| 27 | 829 |
| 43 | 497 |
| 27 | 829 |
| 54 | 16 |

LAFAYETTE D' GETTE v. AMSDELL SHELDON.

[FILED NOVEMBER 12, 1889.]

1. **Taxes**: LIENS: LIMITATION. Under the revenue law of 1879, an action to foreclose tax liens must be brought within five years after the expiration of the time to redeem. (*Helphrey v. Redick*, 21 Neb., 80; *Parker v. Matheson*, Id., 546.)

2. ———: ———: TITLE BY ADVERSE POSSESSION. Under the aforesaid law a person who has been in the open, exclusive, notorious, adverse possession of real estate for ten years, thereby acquires an absolute title free from the liens of any taxes which existed on said property prior to the commencement of said period of ten years.

3. ———: ———: STATUTE CONSTRUED. The provision of the statute declaring taxes to be a "perpetual lien" upon real estate must be construed with reference to those provisions providing for redemption of the land sold, within two years from the date of sale, and for a tax deed if desired, and the time in which an action to foreclose the lien may be brought. It was not intended to continue a tax lien in force after the remedies to enforce it had ceased.

APPEAL from the district court for Otoe county. Heard below before CHAPMAN, J.

*C. W. Seymour*, for appellant:

The acts of 1875 and 1879, providing for the foreclosure of tax certificates, cannot apply here, as they would cut off a claim existing at the time of their passage without allowing a reasonable time to bring an action. (Wood, Limitations, sec. 11; *Horbach v. Miller*, 4 Neb., 31; *Morford v. State*, 24 Pa. St., 92; Boone, Code Pleading, sec. 69.) The five-year limitation is not available in this case, as it was not pleaded. (*Bowman v. Mallory*, 14 Ind., 424; *Tootle v. Clifton*, 22 O. St., 249; *Taylor v. Courtnay*, 15 Neb., 196; *A. & N. R. Co. v. Miller*, 16 Id., 661.) The statute does not begin to run until the title acquired by the tax deed fails. (*McClure v. Warner*, 16 Neb., 446; *Bryant v. Estabrook*, Id., 217; *Baldwin v. Merriam*, Id., 199; *Schoenheit v. Nelson*, Id., 235; *Merriam v. Hemple*, 17 Id., 345; *Otoe County v. Mathews*, 18 Id., 466; *Lammers v. Comstock*, 20 Id., 341.) Taxes are a perpetual lien (*Holmes v. Andrews*, 16 Neb., 298); and mere technical irregularities should not be allowed to defeat the latter. (*Stockle v. Silsbee*, 41 Mich., 615; *Otoe County v. Brown*, 16 Neb., 399.) A tax purchaser at a void sale, who pays the taxes for subsequent years, will be, to that extent, subrogated to the rights of the county (*Merriam v. Hemple, supra*); may add all such payments to his purchase (*Schoenheit v. Nelson, supra*); is entitled to a judgment for the same, with an attorney's fee of ten per cent, (*Towle v. Shelley*, 19 Neb., 632); and to

the highest rate of interest, if the proceedings are regular up to the issuance of the tax deed. (*Sullivan v. Merriam*, 16 Neb., 157; *Baldwin v. Merriam*, Id., 199.)

*Frank T. Ransom, John C. Watson*, and *George D. Schofield*, for appellee:

A tax deed, though void on its face, gives color of title sufficient so that under it adverse possession will operate as a bar. (Black, Tax Titles, 378; *Gatling v. Lane*, 17 Neb., 82; *Bartlett v. Kauder*, 11 S. W. Rep. [Mo.], 67; *Hacker v. Horlemus*, 41 N. W. Rep. [Wis.], 965.) There is a distinction between an action by a tax purchaser, as in this case, and one by a land owner to set aside an illegal tax sale, the latter being allowed greater privileges. (*McNish v. Perrine*, 14 Neb., 584, and cases cited.) *Wygant v. Dahl*, 26 Neb., 562, relied on by counsel for appellant, was an action by a land owner, and the court applied the maxim that "he who seeks equity must do equity." Here appellant, by allowing appellee to enter and make valuable improvements, and not seeking to enforce his claim, failed to do equity.

MAXWELL, J.

This is an action to foreclose a tax lien. On the trial of the cause the court found the issues in favor of the defendant and dismissed the action. The plaintiff alleges in his petition that "the defendant, Amsdell Sheldon, is the owner of certain real estate described as follows: the north half of the northeast quarter of section 1, township 9, range 12, lying and being in Otoe county, state of Nebraska; that the said real estate was subject to taxation for the years 1861, 1862, 1863, 1864, 1865, 1866, 1867, and was duly and legally assessed and valued for taxation for the said years, and for each of said years; that the taxes for each of the said years were duly levied thereon; that

they were not paid for each or for any of the said years 1861, 1862, 1863, 1864, 1865, 1866, 1867, by the owner and occupant of the said real estate, to whom they were assessed and taxed, but became delinquent; that they were unpaid after delinquency until the date of the sale of the said real estate for the delinquent taxes for the said years and each of said years; that the said real estate was duly and legally advertised for sale for the non-payment of the delinquent taxes thereon for the said years at the time and in the manner required by law, and that the said real estate was duly offered for sale for the taxes for the said years and for each of the said years, and was unsold for the want of bidders at public sale; that due return was made to the office of the county clerk of Otoe county, state of Nebraska, by the said treasurer of the said county, of the lands and lots sold by him at public sale, within the time required by law; that the said real estate was sold at public sale at the county treasurer's office, in the said Otoe county, state of Nebraska, for the delinquent taxes thereon for the said years 1861, 1862, 1863, 1864, 1865, 1866, 1867, to Dwight J. McCann, on the 7th day of September, A. D. 1868, who received a certificate of tax sale therefor for each of the said years of the said date, and paid therefor for the year 1861, $2.15; for the year 1862, $5.80; for the year 1863, $5.19; for the year 1864, $5.68; for the year 1865, $12.70; for the year 1866, $7.71; for the year 1867, $5.88; certificate, stamp, and com., $2.85; total, $47.91; said certificate of tax sale numbered ——; that on the — day of ——, A. D. 1874, the said Dwight J. McCann for a valuable consideration did sell and assign all his right, title, and interest in and to the said tax certificate to this plaintiff, who is now the legal owner and holder of the same. This plaintiff says that he has not produced the said certificate or surrendered the same to the said county treasurer of Otoe county, state of Nebraska, and demanded a tax deed for the said real estate for the said

delinquent taxes, for the reason that the said tax deed would be invalid and fail to convey to this plaintiff the legal title to the said premises to this plaintiff; that though he is not entitled to the legal title of the said premises, he is yet entitled to a perpetual lien upon the said premises for the taxes as aforesaid duly and legally assessed and levied on the said real estate for the said years 1861, 1862, 1863, 1864, 1865, 1866, 1867, and paid by him thereon for each of the said years, with interest on each of the said sums paid by him as and at the time hereinbefore set forth, at the rate of forty per cent per annum, for the period of two years from each of the said dates, at which the same were paid at the rate of twelve per cent per annum thereafter, and to the finding of this court of the amount due, and the allowance of this court of an attorney's fee of ten per cent of the amount found due, and to the decree of this court enforcing said lien for taxes, interest, attorney's fee, and the costs of this action upon and against the said real estate and foreclosing said perpetual lien therefor upon and against the said real estate in the manner of foreclosing mortgages and to an order of sale of the said real estate, to pay and satisfy the said perpetual lien for taxes, interest, attorney's fee, and the costs of this action," etc.

The defendant in his answer alleges that he purchased the land in question at tax sale, for the years 1870, 1871, 1872, and that on the 4th day of September, 1873, he obtained a tax deed from the treasurer of said county for said land, under the tax sale thereof, for the year 1870, which deed was duly recorded, and that the defendant entered into the possession of said land and has since paid all taxes thereon, and has been in the open, exclusive, notorious, adverse possession of said premises to the present time.

The facts stated in the answer are denied in the reply.

Section 180 of the revenue law of 1879 provides that "If the owner of any such certificate shall fail or neglect either to demand a deed thereon, or to commence an action

53

for the foreclosure of the same, as provided in the preceding sections, within five years from the date thereof, the same shall cease to be valid or of any force whatever, either as against the person holding or owning the title adverse thereto, and all other persons, and as against the state, county, and all other municipal subdivisions thereof."

The construction of the above section was before this court in *Helphrey v. Redick*, 21 Neb., 80, and it was held on the facts in that case that the action was not barred, as five years had not elapsed within which an action could be brought. In *Parker v. Matheson*, 21 Neb., 546, the question was again before the court, and it was held that the action was barred. In the latter case the sale took place on the 5th day of February, 1878, and the action to foreclose the lien was instituted February 21, 1885. It is said: "At the time of the sale the law of 1875 (Laws 1875, 107) was in force, but the act of 1879 must apply to the foreclosure wherein the former act has been changed or amended. It is urged that a material difference in the two acts is that, by the act of 1875, the foreclosure might be had notwithstanding the tax deed, and by the act of 1879 he is entitled to foreclose instead of demanding a tax deed. This is true, but he could not demand a tax deed until after the expiration of the two years; therefore the landowner had that time within which he could redeem, without consulting the purchaser, and the right to foreclose did not accrue until the right to redeem by the payment of the money to the treasurer ceased. Under the rule stated in *Helphrey v. Redick, supra,* the statute began to run February 6, 1880. Five years from that time the cause of action would be barred."

It was the evident intention of the legislature to limit the time in which to bring an action for the foreclosure of tax liens to five years from the time the cause of action accrued. This is in conformity to the general purpose of the statute of limitations—that stale claims shall be

barred. The whole tenor of the legislation of this state has been in favor of the repose of titles to real estate after a fair opportunity has been given any party claiming an adverse interest therein to assert his claim thereto. Hence an action for the possession of real estate must be brought in ten years, otherwise it is barred. This gives security to titles, and is designed to be and is a statute of quiet enjoyment. The statute in effect says to every one, here is a party in possession of real estate as owner. If you dispute his claim you must assert your rights in the courts within the period fixed by law or the doors of the courts will be closed against you. This applies to every one. The law does not distinguish between claims and claimants, but gives to the adverse occupant for ten years an absolute title in fee. In many cases no doubt taxes upon real estate are paid by the land owners and the tax receipts lost or mislaid, so that it would be impossible after the lapse of twelve years or more to prove the fact. A party knowing that he has paid his taxes, and relying upon the presumption that the treasurer would do his duty and enter the payment of the tax on his record, could not be expected to take the same care of his tax receipts that would be expected of papers that he might be required to produce at any time.

But it may be said that the statute declares taxes upon real estate to be a "perpetual lien" and therefore they can be enforced at any time. This provision of the statute, however, is to be construed in connection with that providing for a sale of the land at a specified time for the taxes due, and if not redeemed after notice to that effect within two years thereafter, then the tax purchaser may either take a tax deed or foreclose his tax lien. In either case, if he seeks the aid of a court of equity to enforce his lien, he must do so in five years. The word "perpetual," therefore, was not intended to continue the delinquent taxes in force against real estate after the statute has barred a

right of action thereon. The lien conferred by the statute is fixed upon the land itself and is primary, overriding all other liens, since a sale thereunder if duly made would extinguish all other claims, and the word "perpetual" seems to be used in that sense. Upon the whole case it is apparent that the action is barred and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.