A. E. ALEXANDER, APPELLEE, v. CLARK WILCOX ET
AL., APPELLANTS.

[FILED NOVEMBER 19, 1890.]

30  793
33  221
33  329
33  570
33  725
33  747
30  793
143  497

1. **Adverse Possession.** Where a person has been in the open, exclusive, notorious, adverse possession of real estate as owner for ten years, he thereby acquires an absolute title to the lands free from the lien created by a tax deed on the property, issued prior to the commencement of such adverse possession.　*D'Gette v. Sheldon,* 27 Neb., 829.

2. **A tax deed** issued more than five years after the expiration of the time to redeem from the tax sale is invalid, and creates no lien upon the real estate therein described.

APPEAL from the district court for Cass county.　Heard below before FIELD, J.

*Beeson & Root,* for appellants, cited: *Preston v. Van Gorder,* 31 Ia., 250; *Jarvis v. Peck,* 19 Wis., 84; *Sayles v. Davis,* 22 Wis., 225; *Dougherty v. Henarie,* 47 Cal., 14; Blackwell, Tax Titles, 544, and citations; *Wygant v. Dahl,* 26 Neb., 562; *D'Gette v. Sheldon,* 27 Id., 829.

NORVAL, J.

This suit was brought by A. E. Alexander on the 7th day of August, 1888, in the district court of Cass county, to foreclose two tax liens. The petition contains two counts. The first cause of action is based upon a tax deed bearing date July 11, 1870, and the second is upon a tax deed issued on October 13, 1885, upon a certificate of purchase dated September 13, 1875. The answer sets up the statute of limitations, and to the first cause of action the further defense that the tax purchaser failed to pay the taxes levied and assessed on the land after the purchase; that the land was sold for such subsequent taxes to

one Perry Walker, and that a tax deed was afterwards issued to said Walker.

Upon a trial to the court a decree was entered in favor of the plaintiff, foreclosing the tax liens. The defendants appeal.

The facts in the case are undisputed. On the 25th day of September, 1866, one J. J. Monroe purchased at tax sale the east half of the southeast quarter of section 8, town 10, range 14, in Cass county, for the taxes levied thereon for the year 1865, amounting to $11.52, and that he received a certificate of purchase from the county treasurer. Monroe afterwards paid the taxes on the land for the years 1869, 1872, 1874, 1875, 1878, and 1880, amounting, in the aggregate, to $30.30. On the 11th day of July, 1870, he surrendered said certificate to the treasurer and received a tax deed for said land, to which the treasurer failed to attach his official seal. On the 11th day of January, 1885, Monroe sold and conveyed the land to the plaintiff.

On the 15th day of September, 1875, one S. N. Merriam purchased from the treasurer of Cass county the northwest quarter of the southeast quarter of section 8, same town and range, for the taxes of 1874, for the sum of $7.43. Afterwards he paid the taxes assessed thereon for the years 1863, 1875, 1877, 1878, 1880, 1881, and 1882, amounting in the aggregate to $34.82. On the 13th day of October, 1885, the plaintiff A. E. Alexander, being the owner of the tax certificate, presented it to the treasurer and received a tax deed for the lands.

On the 8th day of September, 1868, the taxes levied on the land first above described for the year 1867, being unpaid and delinquent, the land was sold by the treasurer to one Perry Walker, and a certificate of purchase was delivered to him. On the 1st day of September, 1874, the treasurer executed and delivered to said Walker a deed to the land, which deed conveyed no title for the reason that it does not bear the seal of the county treasurer. Sub-

sequently Walker conveyed by quitclaim deed to Robert Maxwell, who afterwards conveyed the lands to the defendant Clark Wilcox on the 26th day of January, 1875. Wilcox immediately took possession of the land, and has been in the continuous, open, notorious, exclusive, adverse possession thereof ever since. The defendant Gilmore holds a mortgage on the premises given by his co-defendant Wilcox.

Are the plaintiff's actions barred by the statute of limitation? It will be observed that the tax deed, which is made the foundation of the first count of the petition, was issued July 11, 1870, or more than eighteen years prior to the commencement of this suit. The same land included in that deed was again sold for taxes to Perry Walker, and a tax deed was issued to him September 1, 1874. The defendant Wilcox purchased this tax title on January 25, 1875, and immediately took possession of the land. He had been in the open, exclusive, adverse possession thereof as owner for more than ten years prior to the bringing of this suit. He thereby acquired an absolute title to the land free from the tax lien acquired by the plaintiff prior to Wilcox's possession.

The precise question here involved was before this court in *D' Gette v. Sheldon,* 27 Neb., 829. That was an action to foreclose a tax lien. The defense was ten years' adverse possession. Judge MAXWELL, in the opinion of the court, says : " It was the evident intention of the legislature to limit the time in which to bring an action for the foreclosure of tax liens to five years from the time the cause of action accrued. This is in conformity to the general purpose of the statute of limitations, that stale claims shall be barred. The whole tenor of the legislation of this state has been in favor of the repose of titles to real estate after a fair opportunity has been given any party claiming an adverse interest therein to assert his claim thereto. Hence an action for the possession of real estate

must be brought in ten years; otherwise it is barred. This gives security to titles, and is designed to be and is a statute of quiet enjoyment. The statute in effect says to every one: Here is a party in possession of real estate as owner. If you dispute his claim, you must assert your rights in the courts within the period fixed by law, or the doors of the courts will be closed against you. This applies to every one. The law does not distinguish between claims and claimants, but gives to the adverse occupant for ten years an absolute title in fee." We see no reason to doubt the correctness of that decision. It follows that the rights of the plaintiff are cut off by the adverse possession of the defendant.

Again, the first cause of action is barred by the special limitation fixed by the statute for the foreclosure of tax liens. The plaintiff never acquired any title under the tax deed, but the same was void on account of the omission of the treasurer's seal therefrom. He acquired a lien on the land for the amount of the taxes paid, but the cause of action to foreclose such lien accrued at the date of the deed. He could have brought his suit for that purpose immediately on the delivery of the deed. He cannot now, after the lapse of eigh'een years, assert his claim.

The tax deed referred to in the second count of the petition, was based upon a tax certificate issued and dated September 15, 1875. Section 179, chapter 77, Compiled Statutes 1889, authorizes the owner of any certificate of tax sale to foreclose the same by bringing an action for that purpose, "at any time before the expiration of five years from the date of such certificate."

Sec. 180 of the same chapter provides that, "If the owner of any such certificate shall fail or neglect either to demand a deed thereon, or to commence an action for the foreclosure of the same, as provided in the preceding section, within five years from the date thereof, the same shall cease to be valid or of any force whatever, either as

against the person holding or owning the title adverse thereto, and all other persons, and as against the state, county, and all other municipal subdivisions thereof."

It has been held by this court in a number of cases that an action to foreclose a tax certificate cannot be brought until the time given to redeem has expired, and that such suit is barred after the expiration of five years from the time the cause of action accrued. (*Helphrey v. Redick*, 21 Neb., 80; *Parker v. Matheson*, Id., 546; *D' Gette v. Sheldon*, 27 Id., 829.)

It follows from the reason of those cases, that where a tax deed is demanded after the expiration of five years from the time limited by law for the redemption from a tax sale, no lien is acquired by such deed. The tax deed to Alexander not having been issued until October 13, 1885, or more than ten years after the date of the certificate, and more than seven years after the expiration of the time to redeem, it is plain that the plaintiff acquired no rights in the land thereby. The lien acquired by the issuing of the tax certificate of September 15, 1875, was barred when the tax deed was issued thereon. The plaintiff could not revive the lien by afterwards taking out a tax deed.

What effect the subsequent sale of land, on which a tax deed is outstanding, has on the holder of such prior deed, it is unnecessary to decide. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.