33   219
33   747

---

ART ELIZA ALEXANDER, APPELLANT, v. T. C. MEADVILLE ET AL., APPELLEES.

[FILED OCTOBER 14, 1891.]

**Adverse Possession:** TAX LIENS.   Where a person has been in the actual, open, exclusive, adverse possession of lands as owner for ten years he thereby acquires an absolute title in fee, free from the lien created by a tax deed on the property issued more than ten years prior to the commencement of the action to foreclose such tax deed. (*D'Gette v. Sheldon*, 27 Neb., 829; *Alexander v. Wilcox*, 30 Id., 793.)

APPEAL from the district court for Otoe county.   Heard below before CHAPMAN, J.

*C. W. Seymour*, for appellant, cited: *McClure v. Lavender*, 21 Neb., 181; *Peet v. O'Brien*, 5 Id., 360; *Miller v. Hurford*, 11 Id., 384; *Merriam v. Otoe Co.*, 15 Id., 408; *Shelley v. Towle*, 16 Id., 194; *Bryant v. Estabrook*, Id., 217;

*Otoe Co. v. Brown,* Id., 397; *Schoenheit v. Nelson,* Id., 235; *McClure v. Warner,* Id., 447; *Neb. City v. Gas Co.,* 9 Id., 347; *Holmes v. Andrews,* 16 Id., 298; *Smith v. Gibson,* 25 Id., 514; *Otoe Co. v. Mathews,* 18 Id., 466; *Merriam v. Hemple,* 17 Id., 345; *Lammers v. Comstock,* 20 Id., 341; *Merriam v. Dovey,* 25 Id., 618; *Sullivan v. Merriam,* 16 Id., 157; *Lepin v. Paine Co.,* 15 Id., 326; *Merriam v. Rauen,* 23 Id., 219; *O'Donohue v. Hendrix,* 13 Id., 258; *Holmes v. Andrews,* 16 Id., 296; *Pettit v. Black,* 8 Id., 62; *Seaman v. Thompson,* 16 Id., 546; *State v. Babcock,* 17 Id., 195; *Haller v. Blaco,* 10 Id., 38; *Baldwin v. Merriam,* 16 Id., 200; *Howard v. Lamaster,* 11 Id., 584; *Kittle v. Shervin,* Id., 69; *Cowan v. State,* 22 Id., 525; *Towle v. Holt,* 14 Id., 227; *Price v. Lancaster Co.,* 18 Id., 198; *Tucker v. Whittlesey,* 41 N. W. Rep. [Wis.], 535; *McGavock v. Pollack,* 13 Neb., 535; *Jones v. Duras,* 14 Id., 40.

*M. L. Hayward, contra,* cited: *Gatling v. Lane,* 17 Neb., 77; *Haywood v. Thomas,* Id., 237; *Tex v. Pflug,* 24 Id., 666; *Levy v. Yerga,* 25 Id., 764; *Hale v. Christy,* 8 Id., 264; *Merriam v. Dovey,* 25 Id., 622; *Brown v. Otoe Co.,* 18 Id., 360; *Merriam v. Hemple,* 17 Id., 346; *Dillon v. Merriam,* 22 Id., 151; *McGavock v. Pollack,* 13 Id., 536.

NORVAL, J.

This suit was brought by appellant on the 26th day of May, 1887, against Thomas C. Meadville and A. S. Cole to foreclose a tax lien on the east half of the northwest quarter of section 1, township 7, range 14, in Otoe county. The tax deed, upon which the plaintiff's action is based, bears date September 8, 1876, and was duly recorded on the 21st day of the same month. The petition avers that the treasurer's deed is invalid and sets up the amount of taxes paid on the land prior and subsequent to the date of the deed, aggregating $177.04, for which sum with interest plaintiff claims a lien. The date of the last payment

of taxes claimed by appellant was January 11, 1877, when the tax for the year 1876 was paid.

Meadville and Cole filed disclaimers. The defendant Withnall's answer denies all the allegations of the petition, and also alleges that he and his grantors have been in actual, open, continuous, exclusive possession of said land, as owners, for more than ten years prior to the commencement of this action.

Ceylon H. Lewis intervened, and set up a tax deed issued to him on the 8th day of October, 1883, covering a portion of said land, and praying a foreclosure of his lien.

On the trial of the cause the court found that the plaintiff's action was barred by the statute of limitation and dismissed the plaintiff's petition. The court also found that there was due Ceylon H. Lewis on this tax lien the sum of $188.16, and a decree was entered in his favor foreclosing his lien.

Upon the trial in the lower court it was stipulated by the parties that the defendant, J. H. R. Withnall, and his grantors, have had actual, open, continuous possession of the land, as owners, since December, 1866. This suit was brought more than ten years after the date of the tax deed.

It is claimed that the rights of the plaintiff are cut off by the adverse possession of the defendant. The question thus presented is not a new one to this court.

The case of *D' Gette v. Sheldon*, 27 Neb., 829, was an action to foreclose a tax lien. The certificate of tax sale was issued more than ten years prior to the bringing of the action thereon. The defendant had been in open, exclusive, notorious, adverse possession of the premises over ten years. It was held that the action was barred.

The case of *Alexander v. Wilcox et al.*, 30 Neb., 793, was brought on the 7th day of August, 1888, to foreclose a tax deed issued July 11, 1870. The defense was ten years' adverse possession. It was ruled that the defendant acquired an absolute title to the land, free from the lien created by the tax deed.

These cases are believed to be sound in principle, and are decisive of the case at bar.

No fault is found with that part of the decree which gives Mr. Lewis a lien for taxes paid. The judgment is

AFFIRMED.

THE other judges concur.