HENRY K. WARREN, APPELLEE, v. CHAS. S. DEMARY ET AL., APPELLANTS.

[FILED OCTOBER 28, 1891.]

1. **Tax Liens:** FORECLOSURE: LIMITATIONS.    An action to foreclose a tax lien must be brought within five years after the cause of action accrued.

2. ———: ———: ———: CASE STATED.    The plaintiff on November 5, 1877, purchased certain real estate at tax sale and on May 10, 1880, he surrendered the certificate of purchase, and received a tax deed for the land, which was invalid for defects appa-

| 33 | 327 |
| 33 | 746 |
| 33 | 327 |
| 138 | 814 |
| 33 | 327 |
| 41 | 276 |
| 33 | 327 |
| 143 | 497 |
| 33 | 327 |
| 54 | 16 |
| 43 | 327 |
| 56 | 653 |

rent upon its face. On the 23d day of January, 1890, suit was instituted to enforce a lien for taxes paid. *Held*, That the action was barred.

Appeal from the district court for Burt county. Heard below before Clarkson, J.

*Uriah Bruner*, for appellant, cited: *Wygant v. Dahl*, 26 Neb., 562, 579; *D' Gette v. Sheldon*, 27 Id., 829.

*N. J. Sheckell, contra.*

Norval, J.

This is an action to foreclose a tax deed. The defense interposed is the statute of limitations.

The plaintiff on the 5th of November, 1877, purchased of the county treasurer of Burt county, at tax sale, the southwest quarter of section 14, town 23, range 8 east, for the taxes levied thereon for the year 1876, for the sum of $27.63, and received a certificate of purchase. The plaintiff has paid the taxes assessed on the land for the subsequent years. On May 10, 1880, the county treasurer executed a tax deed to the plaintiff for the premises in question, which is invalid for numerous defects apparent upon its face, among which, that it does not have the official seal of the county treasurer. This suit was instituted on the 23d day of January, 1890. The plaintiff sets up in his petition the defects appearing upon the face of the deed, and prays a lien for the taxes paid. A decree was entered for $461.15.

Section 180 of the revenue law provides that "If the owner of any such certificate shall fail or neglect to demand a deed thereon, or to commence an action for the foreclosure of the same, as provided in the preceding sections, within five years from the date thereof, the same shall cease to be valid or of any force whatever, either as against the person holding the title adverse thereto, and all other

persons, and as against the state, county, and all other municipal subdivisions thereof."

Sections 1 and 2 of the act of 1875, entitled "An act to provide a method of foreclosing tax liens upon real estate in certain cases," are as follows :.

"Section 1. That any person, persons, or corporation, having, by virtue of any provisions of the tax or revenue laws of this state, a lien upon any real property for taxes assessed thereon may enforce such lien by an action in the nature of a foreclosure of a mortgage for the sale of so much real estate as may be necessary for that purpose, and costs of suit.

"Sec. 2. That any person, persons, or corporation holding or possessing any certificate of purchase of any real estate, at public or private tax sale, or any tax deed shall be deemed entitled to foreclose such lien under the provisions of this act, within any time not exceeding five years from the date of tax sale (not deed) upon which such lien is based; *And provided,* That the taking out of a tax deed shall in nowise interfere with the rights granted in this chapter."

It is manifest that under the above statutory provisions the plaintiff's action was barred when he instituted the suit.   An action to foreclose a tax lien must be brought within five years from the time the cause of action accrued. This suit was brought nearly ten years after the tax deed was issued, and more than twelve years from the date of the tax sale.   The deed was void on its face, and an action could have been maintained thereon to foreclose the lien as soon as the deed was issued.   The plea of the statute of limitation is well taken. (*Helphrey v. Redick,* 21 Neb., 80; *Parker v. Matheson,* Id., 546 ; *D' Gette v. Sheldon,* 27 Id., 829; *Alexander v. Wilcox,* 30 Id., 793.)

The judgment of the district court is reversed, and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.