33  745
34  362
33  745
143  497
33  745
56  653

</div>

---

JOHN BLACK, APPELLANT, V. WILLIAM LEONARD ET AL., APPELLEES.

[FILED JANUARY 12, 1892.]

1. **Tax Liens:** LIMITATIONS: AN ACTION TO FORECLOSE a tax lien is barred at the expiration of five years from the time the cause of action accrued.

2. ———: ADVERSE POSSESSION. Where a defendant in an action to foreclose a tax deed has been in the act ual, open, exclusive, adverse possession of the land as owner for ten years, he thereby acquires an absolute title to the land, free from the tax deed on the property, issued more than ten years prior to the commencement of the action.

APPEAL from the district court for Saunders county. Heard below before MARSHALL, J.

S. P. & E. G. Vanatta, for appellant, cited: Lammes v. Comstock, 20 Neb., 345; Merriam v. Dovey, 25 Id., 622; Parks v. Watson, 20 Fed. Rep. [Neb.], 764; Otoe Co. v. Mathews, 18 Neb., 466; Merriam v. Hemple, 17 Id., 345; Schoenheit v. Nelson, 16 Id., 235; Stettnische v. Lamb, 18 Id., 119.

*T. B. Wilson* (*M. B. Reese*, of counsel), *contra*, cited: Blackwell, Tax Title, 174; *Shepherd v. Burr*, 27 Neb., 432; *Parker v. Matheson*, 21 Id., 546; *D' Gette v. Sheldon*, 27 Id., 829.

NORVAL, J.

This action is to foreclose a tax lien. The plaintiff purchased the lands at tax sale on the 7th day of September, 1874, and has since paid the subsequent taxes thereon for the years 1874, 1875, 1876, and 1877.

On the 30th day of May, 1877, the county treasurer executed and delivered to the plaintiff treasurer's deeds for the lands, which failed to convey the title by reason of the treasurer's failing to attach thereto his official seal.

The defendants pleaded in their answer the five years statute of limitations, and set up that they had been in the open, notorious, adverse possession of the real estate as owners for more than ten years prior to bringing of the action.

It is stipulated in the agreed statement of facts that the tax deeds failed to convey the title to the premises for the reason they did not bear the treasurer's seal, and that the defendants have held and occupied the lands adversely for more than ten years as owners. The trial court found for the defendants and dismissed the cause.

It is obvious that the action is barred by the special limitation fixed by the statute for the foreclosure of tax liens. The deeds were void on their face and suit could have been brought to foreclose the same as soon as they were issued. An action to foreclose a tax lien is barred at the expiration of five years from the time the cause of action accrued. (*Helphrey v. Redick*, 21 Neb., 80; *Parker v. Matheson*, Id., 546; *Warren v. Demary*, ante, p. 327.)

The defense of adverse possession is also well taken. The doctrine is now firmly established in this state that

where a defendant in an action to foreclose a tax deed has been in the actual, open, exclusive, adverse possession of the land as owner for ten years, he thereby acquires an absolute title free from the lien created by the tax deed on the property, issued more than ten years prior to the commencement of the action to foreclose such tax deed. (*D' Gette v. Sheldon*, 27 Neb., 829; *Alexander v. Wilcox*, 30 Id., 793; *Alexander v. Meadville, ante,* p. 219.)

The judgment is

AFFIRMED.

THE other judges concur.