ART ELIZA ALEXANDER, APPELLANT, V. D. T. THACKER, APPELLEE.

FILED JANUARY 16, 1895.    No. 6354.

1. **Tax Deeds:** VALIDITY: TREASURER'S SEAL. A valid tax deed cannot be executed under the present revenue law, since the legislature has made no provision for an official seal for county treasurers. *Larson v. Dickey,* 39 Neb., 463, followed.

2. **Foreclosure of Tax Liens:** STATUTE OF LIMITATIONS. An action to foreclose a tax lien is barred within five years after the time to redeem from the tax sale has expired. *Alexander v. Wilcox,* 30 Neb., 793; *Warren v. Demary,* 33 Neb., 327; *Black v. Leonard,* 33 Neb., 745; *Alexander v. Shaffer,* 38 Neb., 812, and *Foree v. Stubbs,* 41 Neb., 271, followed.

3. ———: AMOUNT OF RECOVERY: INTEREST.  Under the revenue law of 1879, on the foreclosure of a valid tax sale certificate, the plaintiff is entitled to recover the amount bid at the tax sale, and the several sums paid for prior and subsequent taxes, together with interest on said several amounts from the date of payment, at the rate of twenty per cent per annum until the expiration of two years from the date of purchase, and ten per cent per annum thereafter.

4. ———: ATTORNEYS' FEES: COSTS.  On the foreclosure of a tax lien, based on a valid tax sale, the court should award the plaintiff an attorney's fee equal to ten per cent of the amount of the decree.

APPEAL from the district court of Cass county.  Heard below before CHAPMAN, J.

*C. W. Seymour*, for appellant.

*Beeson & Root, contra.*

See opinion for authorities upon the propositions discussed.

NORVAL, C. J.

This cause was before this court at the September term, 1890, the opinion being reported in 30 Neb., 614.  After the judgment of reversal, the plaintiff filed in the district court an amended petition containing three counts, and additional parties defendant were brought in.  Plaintiff in her petition claims to be the owner in fee of the premises in controversy, under and by virtue of three tax deeds, and prays that she may be decreed to be the owner of said real estate, and recover possession thereof from the defendants, or, in case the court found her title had failed, that she be decreed a lien for taxes paid, with interest and attorneys' fee.  For an understanding of the case it will not be necessary to set out the pleadings, or give a synopsis thereof, in this opinion.  After the issues were made up, the appellee, D. T. Thacker, filed a motion to require the plaint-

iff to elect whether she will try the cause as one for title and possession of the premises, or for the foreclosure of her tax deeds, which motion was sustained by the court. The plaintiff excepted to the ruling and elected to proceed to the trial of the cause as one to foreclose the tax liens. At the hearing the court found that the first and second causes of action set up in the petition were barred by the five years statute of limitations, and that the tax deeds described in said counts of the petition were void for the reason that no treasurer's seal is attached to said instruments and that said deeds fail to recite the place where the lands were sold. The court further found that the deed described in the third count of the petition is void, but rendered a decree foreclosing said tax deed for the amount of taxes paid and interest thereon and an attorney's fee of ten per cent of the amount found due. Plaintiff appeals.

The first contention of appellant is that the court erred in sustaining the motion requiring her to elect whether she would proceed at law to establish her legal title to said premises, and to recover possession thereof, or for the foreclosure of the liens for taxes. Plaintiff's claim of title was based solely upon three tax deeds issued by the county treasurer. They could confer no title, since in *Larson v. Dickey*, 39 Neb., 463, it was expressly declared to be the law that a valid tax deed cannot be executed under the present revenue law of the state, because the legislature has made no provision for an official seal for county treasurers. It is obvious, therefore, that plaintiff was in no manner prejudiced by the ruling mentioned above. Had she not been required to elect, but had gone to trial without abandoning her claim of title to the land, the result could not have been different.

Were the tax deeds described in the first and second counts of the petition barred by the statute of limitations? The first cause of action is based upon a tax deed bearing date September 5, 1873, and the second count is founded

upon a tax deed executed on the 10th day of November, 1881. This action was not instituted until August 9, 1888, or nearly fifteen years after the date of the first deed and almost seven years subsequent to the making of the other deed. Through an unbroken line of decisions this court has said that an action to foreclose a tax lien is barred, unless brought within five years of the date the cause of action accrued. (*D' Gette v. Sheldon*, 27 Neb., 829; *Alexander v. Wilcox*, 30 Neb., 793; *Warren v. Demary*, 33 Neb., 327; *Fuller v. Colfax County*, 33 Neb., 716; *Black v. Leonard*, 33 Neb., 745; *Alexander v. Shaffer,* 38 Neb., 812; *Foree v. Stubbs*, 41 Neb., 271.)

It is argued that the five-years limitation begins to run from the time when the title acquired by the tax deeds had failed. *Otoe County v. Brown*, 16 Neb., 397, *Schoenheit v. Nelson*, 16 Neb., 235, *Bryant v. Estabrook*, 16 Neb., 217, *Holmes v. Andrews*, 16 Neb., 296, *McClure v. Warren*, 16 Neb., 447, and several other earlier cases decided by this court, sustain the doctrine contended for by counsel for appellant. These cases have been, in effect, although not in direct terms, overruled by the later adjudications in this state upon the subject. Thus in *D' Gette v. Sheldon, supra*, in an opinion by MAXWELL, J., it was ruled that under the revenue law of 1879 an action to foreclose a tax lien is barred if not brought within five years after the expiration of the time to redeem.

In *Alexander v. Wilcox, supra*, it is said: "The first cause of action is barred by the special limitation fixed by the statute for the foreclosure of tax liens. The plaintiff never acquired any title under the tax deed, but the same was void on account of the omission of the treasurer's seal therefrom. He acquired a lien on the land for the amount of the taxes paid, but the cause of action to foreclose such lien accrued at the date of the deed. He could have brought his suit for that purpose immediately on the delivery of the deed."

36

In the opinion in *Warren v. Demary, supra,* we find
this language: "It is manifest that under the above statu-
tory provisions the plaintiff's action was barred when he
instituted the suit. An action to foreclose a tax lien must
be brought within five years from the time the cause of ac-
tion accrued. This suit was brought nearly ten years after
the tax deed was issued, and more than twelve years from
the date of the tax sale. The deed was void on its face,
and an action could have been maintained thereon to fore-
close the lien as soon as the deed was issued. The plea of
the statute of limitation is well taken." To the same ef-
fect are *Black v. Leonard, supra, Alexander v. Shaffer,
supra,* and *Foree v. Stubbs, supra.* These later decisions
announce the correct rule, and will be adhered to. It fol-
lows that plaintiff's first and second causes of action are
barred.

Objection is made because the court only allowed inter-
est at twenty per cent per annum for the first two years
after the date of the tax sale, and ten per cent thereafter.
Appellant insists, the tax sale being valid, that she was en-
titled to forty per cent per annum for the first two years
and twelve per cent thereafter. *Merriam v. Rauen,* 23 Neb.,
217, is relied upon to sustain this contention. This decision
was based upon the revenue law of this state which was in
force prior to the adoption of the present statute. Under
the old law the purchaser of real estate at a tax sale ac-
quired a lien on the land for taxes, with interest at forty
per cent per annum, from the date of the sale, or payment
of prior or subsequent taxes, for two years from the date of
the tax certificate, and interest at the rate of twelve per
cent per annum after the expiration of two years, or until
the time for redemption has expired. Under the present
revenue law, and by virtue of which the taxes were levied
and the tax deed mentioned in the third count of the peti-
tion was issued, a tax purchaser is allowed interest at the
rate of twenty per cent per annum from the date of each

payment up to the expiration of two years from the date of the tax sale, and ten per cent per annum on each of said amounts thereafter. (Comp. Stats., ch. 77, sec. 181.) The decree, as to interest, was in strict compliance with the statute. Plaintiff was allowed an attorney's fee of ten per cent on the amount found due her as provided by statute. (*Towle v. Shelly,* 19 Neb., 632.)

Several other questions are argued in the brief, which, in view of the conclusions already stated, it will be unnecessary to notice. The decree is

AFFIRMED.