RALPH R. OSGOOD, APPELLEE V. PATRICK J. GRANT
ET AL., APPELLANTS.

FILED APRIL 3, 1895.     No. 5848.

1. **Trial.** Under section 281a of the Code of Civil Procedure, an action in which the issues have been joined during term time may be placed upon the trial docket and tried at such term of court.

2. ———. Causes are to be tried in the district court in the order in which they are entered upon the trial docket, unless the court, in the exercise of a sound discretion, shall direct otherwise.

3. **Interest on Taxes:** RATE. On the foreclosure of a valid tax sale certificate the holder is entitled to recover interest on the amount bid at the sale and on the several sums paid for subsequent taxes on the property, at the rate of twenty per cent per annum, from the date of the sale and said payments respectively until the expiration of two years from the date of the purchase, and ten per cent interest thereon after that period.

4. **Attorney's Fees:** COSTS: TAX SALES. The holder of a tax lien, based upon a valid tax sale, on obtaining a decree foreclosing the same, is entitled to an attorney fee of ten per cent of the amount of the decree.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*Richard Cunningham,* for appellants.

*W. Q. Bell* and *E. C. Rewick, contra.*

NORVAL, C. J.

This was an action brought by Ralph R. Osgood against Patrick J. Grant, Mary A. Grant, and others to foreclose certificates of tax sales upon lots 14 and 15, in block 69, in the city of Lincoln. Answers and cross-petitions were filed by several of the defendants, setting up liens against the premises by virtue of certain judgments and decrees of foreclosure entered in the district court of Lancaster county.

Osgood v. Grant.

At the close of the trial a decree of foreclosure and sale of the premises was rendered and the amount and priority of the several liens were established.    The Grants have prosecuted an appeal to this court.

The first complaint made in the brief relates to the placing of the cause on the trial docket for the February, 1892, term of the district court and the trying of the same at said term.    The action was commenced on January 23, 1892, and on February 25, 1892, the appellants, by leave of court, were permitted to file their answer out of time. The answers and cross-petitions of the other defendants were filed at various dates between February 23 and May 16, 1892.    The February term of Lancaster county district court commenced on February 1 and continued until the following July.    At the time the decree in question was entered, namely, June 16, and for at least thirty days prior thereto, the issues in the case had been made up.    Section 281a of the Code of Civil Procedure provides: "Actions shall be triable at the first term of the court, after the issues therein, by the times fixed for pleading, are, or should have been, made up; and when, by the times fixed for pleading, the issues are, or should have been, made up during a term, such action shall be triable at that term.    When the issues are, or should have been, made up, either before or during a term of court, but after the period for preparing the trial docket of such term, the clerk shall place such actions on the trial docket of that term."    It requires no argument to show that authority is conferred upon the clerk of the district court, by the provisions of the foregoing section, to enter upon the trial calendar for the term causes in which the issues are, or should have been, joined during such term.    Such is the plain language of the statute.

What is the meaning of the language "during a term," as used in the section under consideration?    That it does not refer alone to the first day of the term is quite evident, but it applies as well to every succeeding day of the term.

Therefore, all cases, when the rule day for pleading expires on or after the convening of a term of court, and prior to the final adjournment thereof, in which the issues are, or should have been, made up during term time, may be placed upon the docket and disposed of at that term of court. In other words, it is not essential that the rule day should fall on the first day of a term of court in order that the cause may be docketed and tried at that term. Nor is it indispensable that the action should have been instituted during a term of court, but the section applies in all cases whenever brought when the term continues until after the expiration of the period for making up the issues. There was, therefore, no error in placing this action upon the trial docket of the term at which it was entered, and trying the cause at that term. By the section quoted where the issues in a cause have been made up during term time, the action is triable at such term. Under section 324 of the Code, causes in the district court are to be tried in the order in which they are entered upon the trial docket, unless the court in the exercise of a sound discretion shall otherwise direct, or the parties consent to a postponement of the trial. There is nothing in the record to show that the cause at bar was heard out of its regular order, nor does it appear that the appellants were prejudiced by the trial of the action at the February term. True, an application was made for a continuance of the cause over the term, but upon what ground the record fails to advise us. Appellants had ample time after the issues were formed to procure their witnesses, if any they had, and prepare for trial. If postponement of the hearing was desired on the account of the absence of witnesses, a proper showing to the court should have been made. The objection urged to the trial of the cause at the term during which the issues were joined is without merit and is overruled.

The trial court found that there was due the plaintiff upon first cause of action set forth in the petition, for

moneys paid by him for taxes levied against said lot 14 for
the year 1883 and years subsequent thereto, with interest
thereon, the sum of $434.03; also an attorney's fee of
$43.03, and said sums were made liens upon said lot. The
court further found that there was due the plaintiff upon
his second cause of action for taxes paid by him upon lot 15
for the year 1883 and subsequent years, with interest and
costs, the sum of $654.57, and decreed the same to be a lien
upon said lot, and also an attorney's fee of $65.45, which
was allowed the plaintiff by the court. The appellants
insist that the several amounts found due the plaintiff are
too large, and are contrary to the evidence. The conten-
tion is well taken. The record discloses that the district
court, in making its findings, computed interest at the rate
of twenty per cent on the several sums paid by the plaint-
iff for the purchase of each lot, at the sale thereof for de-
linquent taxes, and subsequent taxes paid thereon for the
period of two years from and after each payment, and at
the rate of ten per cent thereafter. The tax sales in ques-
tion were not invalid; therefore, plaintiff was entitled to
interest on the amount bid at the sale, and the several sums
paid for subsequent taxes, at the rate of twenty per cent per
annum from the date of the tax certificate and said several
payments respectively until the expiration of two years
from the date of said sale, and ten per cent interest after
that time. (See *Merriam v. Ranen,* 23 Neb., 217; *Alexander
v. Thacker,* 43 Neb., 494.) The district court erred in al-
lowing interest at the rate of twenty per cent per annum on
each payment for two years from the date of such payment,
instead of until the expiration of two years from the date
of the tax certificates. We have computed the amount due
plaintiff at the date of the rendition of the decree in the
court below, according to the rule established by the fore-
going decisions, which computation shows that the sum due
the plaintiff on his first cause of action to be $373.74, and
on his second cause of action to be $641.73. The decree of

27

the district court is accordingly modified, and plaintiff is given a lien on lot 14 for said first mentioned sum and a lien on lot 15 for the last named amount, with ten per cent interest on each sum from the date of the entry of the decree in the district court until the day of payment.

Complaint is made of the allowing of the plaintiff an attorney's fee in the action. The holder of a tax lien, on the foreclosure thereof, if the sale on which the lien is based is valid, is, under the statute, entitled to an attorney's fee of ten per cent of the amount of the decree. (Sec. 181, ch. 77, Comp. Stats.; *Toule v. Shelly,* 19 Neb., 632; *Adams v. Osgood,* 42 Neb., 450; *Alexander v. Thacker, supra.*) The awarding of an attorney's fee in this case was proper; but as the amount allowed as such fee exceeds ten per cent of the sum found due the plaintiff by the court, the decree in that respect is modified by reducing the attorney's fee to $37.37 for the first cause of action, and for the second cause of action to the sum of $64.17.

The county of Lancaster sets up in its cross-petition a lien on the lots arising by virtue of decree of foreclosure rendered in the district court of the county. In the case at bar the county was given a lien for the amount of the decree, with ten per cent interest thereon. The only complaint made relates to the rate of interest allowed. Appellants insist that the county was only entitled to seven per cent interest. The evidence, without conflict, shows that interest was computed at the proper rate, on the decree in favor of the county, as well as on the decree in favor of Mr. Burr. The findings and decree in the case under review are modified as indicated above, and, as thus modified, are

AFFIRMED.