LOUIS T. GRIGGS ET AL., PLAINTIFFS IN ERROR, V. JOHN LEPOIDEVIN ET AL., DEFENDANTS IN ERROR.

1. **Pleading**: PETITION: MECHANIC'S LIEN.   A petition, good in an action for goods sold and delivered, will not be held bad on general demurrer in an action for lumber and other building materials, where the plaintiff also prays for a lien on a building.

2. **Error.**   In all cases of error, not of a jurisdictional character, before the aggrieved party can be heard in a court of error, he should first seek relief at the hands of the court where the error has occurred.

THIS was an action to foreclose a mechanic's lien brought in the district court of Gage county by Le

27

Poidevin & Co. against Griggs & Warner. The case was heard on demurrer to the petition before WEAVER, J., who overruled the same, and defendants failing to plead further, judgment was rendered against them, to reverse which they brought the cause here on a petition in error.

*W. H. Ashby*, for plaintiffs in error, cited 1 Parsons on Contracts, 8. 1 Chitty Pleading, 294–295. Phillips' Mechanic's Lien, 440–457. *Crawfordsville v. Barr*, 45 Ind., 258. *Randolf v. Overstoll*, 58 Ill., 52. 5 Johnson, 272. *Brown v. Lowell*, 79 Ill., 484. 1 E. D. Smith, 722. 2 E. D. Smith, 662. 1 Chitty Pl., 323–4. 14 B. Monroe, 83. 29 Barbour, 201. 10 Nebraska, 265.

*Hale & Hardy*, for defendants in error.

COBB, J.

The defendants below, plaintiffs in error, filed a general demurrer to the plaintiffs' petition, which was overruled, and their exception preserved in the record. In their brief they point out the alleged deficiency in the petition to consist in the want of "the facts showing a contract." Upon referring to the petition as set out in the record, I find that after setting up the partnership on the part of the plaintiffs and defendants, and other formal matters, it proceeds as follows: "The plaintiffs say that on, to-wit: the 6th day of September, 1880, they made a parol contract with the defendants to furnish to the said defendants, Griggs & Warner, a quantity of lumber and building material for a certain one-story house," etc. *   *   *
"That under and by virtue of the contract aforesaid, the plaintiff furnished the lumber and building material," etc.

Sec. 1 of chap. 42 of the General Statutes, provides

that "any person who shall perform any labor, or furnish any material or machinery for the erection, reparation, or removal of any house, mill, manufactory, or other building or appurtenance by virtue of a contract or agreement express or implied with the owner thereof or his agent, shall have a lien," etc. I think the petition quite good for the purpose of enforcing a lien for building material. But suppose it was defective for that purpose, could such deficiency be taken advantage of by demurrer? I think not, if it be conceded that it is good as a petition for goods sold and delivered. And it is not suggested that it is defective for the latter purpose.

Plaintiffs in error also make the points in their brief that: "The court had no right to try the case without a jury." "The judgment was rendered without defaulting the defendants." "All the issues must be passed upon." And lastly, "the judgment is for more than is asked for by the petition."

It appears from the record that on the 30th day of April, 1880, the default of the defendants was entered for want of an answer, the plaintiffs proved up and judgment was rendered, etc., and on the same day, on motion and affidavits of defendants' attorney, the default and judgment were set aside and leave given to the defendants to answer in thirty days. On the 18th day of May, defendants filed a general demurrer to the petition. On the 14th day of October, the demurrer was argued, and on the 15th was overruled. The defendants excepted to said opinion of the court, but did not ask further time in which to answer. And on the 16th day of the same month, the third day of the term, final judgment was rendered. The journal entries do not show the proceedings to have been entirely regular, and had the proper steps been taken by the defendants for their correction in the court below, and with-

out success, this court might consider it a proper case for reversal. But it has been often if not uniformly held that in all cases of error not of a jurisdictional character, before the aggrieved party can be heard in a court of error, he should first seek relief at the hands of the court where error has occurred. This the plaintiffs in error have failed to do. And for that reason, without specially approving of the proceedings as shown by the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.