DAVID B. HOWARD, R. H. OAKLEY, AND SAMUEL G. OWEN, PLAINTIFFS IN ERROR, V. JOSEPH E. LAMASTER, DEFENDANT IN ERROR.

1.  **Tax Deed.** If a tax deed fails to show that the tax sale was made at the place required by law the deed is void.

2.  **Practice in Supreme Court.** In an action of ejectment where the plaintiff in his reply pleaded a tender of the amount paid by the defendant for taxes due on the premises, but the court on the trial excluded proof of the amount, *held,* That the judgment in ejectment being right, the supreme court will order a reference to ascertain the amount due for taxes, and require the payment of the same as a condition of affirming the judgment.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Harwood & Ames,* for plaintiff in error. The omitted recital in the deed is not one of a jurisdictional

fact, and the instrument is *prima facie* valid. MAXWELL, CH. J., dissenting in *Haller v. Blaco*, 10 Neb., 36. *Scott v. Pleasants*, 21 Ark., 370. *Hurlbut v. Dyer*, 36 Iowa, 474. *Bowman v. Cockrell*, 6 Kans., 311. *Elbridge v. Kuehl*, 27 Iowa, 160.

*A. C. Ricketts*, for defendant in error, cited *Haller v. Blaco*, 10 Neb., 36. *Moore v. Brown*, 11 How., 414. Cooley on Taxation, 338. *Lain v. Cooks*, 15 Wis., 446. Blackwell on Tax Titles, 571, 580.

MAXWELL, CH. J.

This is an action of ejectment to recover the possession of lot 10 in block 96 in the city of Lincoln. The answer consists first, of a general denial; second, it is alleged in substance that the premises in controversy were sold in September, 1874, for the taxes of 1873, being the sum of $11.00, to Geo. E. Church, and that afterwards on the 20th day of October, 1876, no one having redeemed said real estate from tax sale, and the tax certificate having been assigned to Alice A. Church, was by her presented and surrendered to the treasurer of said county, who thereupon made and delivered to her a tax deed for said premises, which on the 2d day of November, 1876, was duly recorded; that the defendants have paid the taxes assessed on said property for the years 1874, 1875, 1876, 1877, and 1878, amounting in all to $64.45, no part of which has been paid; and that prior to the commencement of the action Geo. E. Church and Alice A. Church conveyed to R. H. Oakley and S. G. Owen, who were in possession and have made valuable improvements on said premises. The reply consists first of a general denial, second, it is alleged in substance that the tax proceedings were void, and that the plaintiff in the court below, prior to the commencement of the action, tendered the

full amount of taxes, etc., and now offers to pay the same. A verdict was rendered in the court below in favor of Lamaster. Oakley and Owen bring the cause into this court by petition in error.

The defendants in the court below offered in evidence the tax deed for the real estate in controversy, which was objected to upon the ground that it did "not show on its face where the land was sold." The objection was sustained and the deed excluded. This is assigned for error.

In *Haller v. Blaco*, 10 Neb., 36, it was held that if a tax deed failed to show that the tax sale was made at the place required by law the deed was void. In other words, the sale being made under a naked statutory power it must appear on the face of the deed that the conditions required by the statute have been complied with. Such being the case the deed was properly excluded; and the exclusion of the deed is fatal to the claim of title of the plaintiffs in error.

Lamaster pleads in his reply that he had tendered the amount paid for the taxes upon the lot in controversy, and that he is now ready to pay the same. But when the defendants in ,the court below offered to prove the amount paid, objection was made and the testimony excluded. In this there was error under the issue made by the pleadings. But inasmuch as the judgment in ejectment in favor of Lamaster is right the error will be corrected in this court. The case will be referred to the clerk to take testimony, and report the amount due with twelve per cent interest, which amount Lamaster is required to pay to said clerk within thirty days from the confirmation of the report for the use and benefit of Oakley and Owen, upon the payment of which the judgment of the court below will be affirmed.

JUDGMENT ACCORDINGLY.