EDWARD THOMPSON ET AL., APPELLEES, V. SELDEN N. MERRIAM, APPELLANT.

1. **Tax Deed.** Under the revenue law of 1869 a tax deed that fails to recite the place where the land was sold is invalid.

2. ————. The production of the tax certificate is a condition precedent to the right of the county treasurer to execute a tax deed, and he has no authority to issue a second deed upon a canceled certificate in the county clerk's office.

APPEAL from Cass county. Heard below before POUND, J.

*Covell & Ransom,* for appellant.

Treasurer had authority to make second tax deed. *Mc-Cready v. Sexton,* 29 Iowa, 356. *Hurley v. Street,* Id., 429. *Lorrain v. Smith,* 37 Id., 67.

*Robert B. Windham* and *Crites & Ramsey,* for appellees.

MAXWELL, J.

This is an action to cancel certain tax deeds held by the defendant upon real estate of the plaintiffs, and to permit them to redeem from the tax sales. A decree was rendered in the court below setting aside the tax deeds and requiring the plaintiff to pay, for the use of the defendant, the amounts paid by him on the lands in controversy with twelve per cent interest thereon. The defendant appeals to this court.

It appears from the record that in 1874 the lands in question were sold to the defendant for the taxes due thereon for the year 1873, and a certificate of purchase given to him. Two years thereafter, to-wit, on the seventh day of September, 1876, the defendant produced the certificate to the treasurer of the county and received a tax deed for the

lands described therein. The certificate was then canceled, as required by the statute then in force, and filed with the county clerk. The tax deed above referred to, after reciting the production of the certificate, states: "From which it appears that S. N. Merriam did, on the seventh day of September, 1874, purchase at public sale in said county the tract," etc., thereafter described. It nowhere appears on the face of the deed that the land was sold at the door of the court house or the treasurer's office, as required by the statute, and this omission is fatal to the validity of the tax deed. *Haller v. Blaco*, 10 Neb., 36. *Howard v. Lamaster*, 11 Id., 582. *Towle v. Holt*, 14 Id., 227. The defendant, being aware of this defect, in 1878 procured from the then county treasurer a second tax deed for the same land. The recital in this deed is as follows: "Whereas, from personal examination by the undersigned, J. M. Patterson, treasurer of the county of Cass, in the state of Nebraska, a certificate of purchase in writing bearing date the seventh day of September, 1874, signed by J. C. Cummins, who at the last mentioned date was treasurer of said county, is found to be on file in the office of the clerk of the aforesaid county, from which it appears that S. N. Merriam did, on the seventh day of September, 1874, purchase at public auction at the door of the court house," etc., the lands thereafter designated. It will be seen that the certificate upon which the last deed was issued was not produced to the county treasurer, as required by the statute. *Reed v. Merriam, ante* page 323. In the case last cited it is said: "Unless the certificate was presented to the county treasurer he had no authority whatever to execute a deed. This was a condition precedent to his right to exercise that authority. In other words, the law makes the return of the certificate the evidence upon which the treasurer has authority to act." If a treasurer can execute a second deed after the cancellation of the certificate, there would be nothing to prevent his issuing a thousand or any other number

without notice and in utter disregard of the rights of the land owner. But this he cannot do. If the tax title fails our statute has provided a remedy—the foreclosure of the tax lien, and he must resort to this. But if the land owner institutes an action to cancel the tax deeds he must offer to do equity by paying or tendering the taxes due with interest thereon. This the plaintiffs have done. The tax deeds being invalid, the decree canceling the same as a cloud on the plaintiffs' title was not erroneous. The judgment of the district court is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.