JOHN ZAHRADNICEK, APPELLEE, v. W. L. SELBY, APPELLANT.

| 15 | 579 |
|----|-----|
| 16 | 161 |
| 16 | 196 |
| 16 | 236 |
| 16 | 297 |
| 16 | 548 |
| 20 | 345 |
| 21 | 83 |
| 23 | 219 |
| 15 | 579 |
| 34 | 195 |

1. **Taxes:** NOTICE OF SALE. Where taxes levied upon lands in 1879 are delinquent, a notice of the sale of the same for the taxes due thereon must be published in a newspaper as required by the act of 1877.

2. ———: ———: PUBLICATION. Such notice may be in a supplement if the circulation of the same is as extensive as that of the paper itself.

3. ———: REDEMPTION: NOTICE. Notice of the time when the redemption of lands sold at tax sale will expire must be given at least three months prior to the expiration of two years from the dat eof sale to entitle the party to a tax deed.

APPEAL from the district court of Colfax county.   Tried below before POST, J.

*Vermilion & Vermilion*, for appellant.

*E. T. Hodsdon*, for appellee.

MAXWELL, J.

Taxes were legally levied upon certain real estate of the plaintiff in Colfax county, in July, 1879.   In November, 1880, the land in question was sold for said taxes to one John Doe, who assigned his certificate of purchase to the defendant.   On the eleventh day of January, 1883, a notice of the time when it was alleged the redemption would expire was duly given, and on the twelfth day of April, 1883, the defendant obtained a tax deed for said premises.   The plaintiff thereupon brought this action to set the deed aside and to redeem.   A decree was rendered in the court below  setting aside the deed and permitting the plaintiff to redeem on payment of the taxes due and 12 per cent interest thereon.   The defendant appeals to this court.

Two questions presented by the record are: *First*, Where taxes were levied prior to the time the revenue law of 1879 took effect, is it necessary to advertise the lands to be sold for said taxes in a newspaper, and if so is the law sufficiently complied with if advertised in a supplement of such paper?   *Second*, Can such notice be given so as to entitle the tax purchaser to a tax deed after two years from the date of purchase?   These questions will be considered in their order.

In *Hamilton County v. Bailey*, 12 Neb., 56, it was held that the revenue law of 1879·does not repeal the act approved February 19th, 1877, so far as it requires a notice of the sale of lands and lots upon which taxes levied prior

to September 1st, 1879, are delinquent, to be published in a newspaper. The question was carefully examined in that case, and we think a proper construction given to the statute. We therefore adhere to that decision. The supplement in this case is shown to have been issued as a part of the paper, and although the matter contained therein related almost entirely to lands and lots advertised for delinquent taxes, we are of the opinion it is sufficient.

In Blackwell on Tax Titles, page 243, it is said: "A publication in extra sheets which are circulated with the paper designated by law, is a legal notice; but when it appears that the extra sheets were not in fact sent to all the subscribers of the paper, the advertisement will be regarded as void. Such was the practice in Illinois from 1823 to 1830, but as the notices were all illegal in other respects, this question was never judicially determined. But there seems to be no plausible objection to a publication in extras, if the circulation of them is as extensive as the newspaper itself in which the notice is required to be published, etc."

The testimony shows that the circulation of the supplement was as extensive as that of the paper itself, and as no objection is made to the form of the notice, the publication was sufficient.

*Second.* Sec. 119 of the revenue law of 1879 provides that, " the owner, or occupant of any land sold for taxes, or any person having a lien or interest thereon, may redeem the same at any time *within two years after the day of such sale* by paying the county treasurer for the use of such purchaser, his heirs, or assigns, the sum mentioned in his certificate, with interest thereon at the rate of twenty per cent thereon from the date of purchase, etc." Sec. 123 provides that, "Such purchaser, or assignees shall serve or cause to be served, a written, or printed, or partly written and partly printed notice of such purchase on every person in actual possession or occupancy of such land or lot, and

Zahradnicek v. Selby.

also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county at least three months before the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed or specially assessed, and when the time of redemption will expire, etc."

It will be seen that the notice is to be given at least three months before the time of redemption expires—that is, at least three months before the expiration of two years from the date of sale. To entitle a party to a tax deed, all the essential requirements of the statute must be complied with, and if any are omitted the title will fail. Cooley on Taxation, 323–324. As the statute requires the notice to be given at least three months before the time for redemptiom expires to entitle the purchaser to a deed, there was no authority to give such notice and obtain a deed after the expiration of the time fixed by law to redeem. The remedy of the tax purchaser in such case is to foreclose his tax lien. The deed therefore was invalid, and was properly set aside. The sale, however, and all the proceedings leading up to it, seem to have been in proper form, and the purchaser is entitled to twenty per cent interest up to the expiration of the time to redeem, and ten per cent since that time. The decree of the court below will be modified accordingly. As neither party is free from fault the costs in both courts will be equally divided between them.

JUDGMENT ACCORDINGLY.

THE other judges concur.