Shelley v. Towle.

THOMAS C. SHELLEY, PLAINTIFF IN ERROR, V. EDWIN S. TOWLE ET AL., DEFENDANTS IN ERROR.

1. **Taxes:** ACTION ON DEED: FORECLOSURE OF LIEN.  The holder of a tax deed may bring an action upon the deed and allege that the title acquired thereby has failed, and in the same petition seek to foreclose his tax lien.

2. ———: TAX SALE:  POWER OF COMMISSIONERS.  County commissioners possess authority under the act of 1875 to purchase for their respective counties real estate advertised and offered for sale, and not sold for want of bidders.  And they may assign the certificates to a purchaser.

3. ———: TAX DEED:  FORM.  A tax deed which fails to allege that the sale was had at a place designated by statute, or is not attested by the official seal of the treasurer, is invalid.

ERROR to the district court for Richardson county. Heard below before DAVIDSON, J.

*Amos E. Gantt* and *Allen W. Field,* for plaintiff in error.

*Martin & Gilman,* for defendants in error.

MAXWELL, J.

This action was brought in the district court of Richardson county to foreclose certain tax liens upon real estate. A demurrer to the petition was sustained, and the action dismissed.  The plaintiff brings the cause here on a petition in error.

It is alleged in the petition, in substance, that the real estate in controversy was sold on the seventh day of November, 1877, for the taxes due thereon for the year 1876, amounting to the sum of $215.30; that the county of Richardson was the purchaser at such sale, and in June, 1879, sold and assigned the certificate of purchase to one B. M. Fox; that said Fox thereupon, prior to the ninth day of September, 1879, caused a notice of the expiration of the time to redeem said premises to be served upon the

owners and occupants of said land, and on the eleventh day of November, 1879, obtained a treasurer's deed therefor. A copy of the deed is set out and made a part of the petition.

Fox also purchased said premises for the taxes due thereon prior to the year 1882, but had not taken out tax deeds. In March, 1882, Fox sold and conveyed all his interest in said premises to Florence L. Vaughan, who in April thereafter sold and conveyed the same to the plaintiff. It is alleged that the title under the tax deed has failed. There are other allegations to which it is unnecessary to refer.

1. County commissioners were expressly authorized by statute to purchase for the county "any real estate advertised and offered for sale, whenever and wherever the same would otherwise remain unsold for want of bidders." Laws of 1875, 105. And they were expressly authorized to "assign such certificates of purchase to any person wishing to buy for the amount on the face thereof." This law was in force when the purchase in this case was made; and the plaintiff by the purchase acquired the rights of the county in the aforesaid taxes.

2. Where it is apparent that the title derived by the tax deed has failed, the holder thereof need not bring an action at law to test the validity of the deed. The law does not require a vain thing. Therefore the plaintiff may state facts in his petition showing that the title has failed, and in the same petition seek to foreclose the tax lien. *Miller v. Hurford,* 13 Neb., 13. If the defendant admits that the tax title has failed, the only question remaining is the right of the plaintiff to enforce his lien for taxes.

3. The tax deed fails to show where the land was sold, as required by the statute, and is therefore invalid. *Haller v. Blaco,* 10 Neb., 36. *Howard v. Lamaster,* 11 Id., 582. *Towle v. Holt,* 14 Id., 221. *Thompson v. Merriam,* 15 Neb., 498. But it was invalid for another reason, viz., the failure of the treasurer to attest the same with his offi-

cial seal. *Reed v. Merriam*, 15 Neb., 323. *Zahradnicek v. Selby*, 15 Neb., 579. *Sullivan v. Merriam, ante*, p. 157.

The deed being invalid the plaintiff was entitled to foreclose his tax lien, and if the allegations of the petition are true is entitled to the highest rate of interest allowed by the statute until the expiration of the time for redemption. *Zahradnicek v. Selby*, 15 Neb., 579. *Sullivan v. Merriam, ante*, p. 157.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.