WILLIAM W. HOLMES, APPELLANT, v. H. H. ANDREWS ET AL., APPELLEES.

**Taxes:** FORECLOSURE OF LIEN. Under the act approved Feb. 19, 1875, for the foreclosure of tax liens, an action may be brought on a tax certificate after the time to redeem has expired.   If the action is properly brought within five years, the court may include in the decree money due upon tax certificates of sales made more than five years before the commencement of the action.

APPEAL by plaintiff from a decree of the district court of Lancaster county, POUND, J., presiding.

*Harwood, Ames & Kelly,* for appellant.

*Watson & Wodehouse,* for appellees.

MAXWELL, J.

This is an action to foreclose certain tax liens.   The petition sets forth five causes of action, as follows:

That on the 5th day of September, 1870, the plaintiff purchased the n.-w. ¼ of sec. 32, t. 10 n., r. 6 e., for the taxes due thereon for the year 1869, the amount of said tax being the sum of $54.15.   That the plaintiff paid the taxes due on said land for the year 1870, amounting to the sum of $60.80.   That on the 7th day of September, 1872, the plaintiff again purchased said land for the taxes due thereon for the year 1871, amounting to the sum of $79.02.   That on the 9th day of September, 1873, the plaintiff purchased the land in question for the taxes due thereon for the year 1872, the amount being the sum of $80.06.   That on the 11th day of September, 1874, the plaintiff again purchased said land for the amount of taxes due thereon for 1873, being the sum of $46.06.   That in September, 1876, the plaintiff paid the taxes due on the above de-

scribed land for the year 1875, being the sum of $29.06, and in 1877, he paid the taxes thereon for the year 1876. That on the 1st day of November, 1877, the plaintiff again purchased said land for the taxes due thereon for the year 1877, the amount of the same being the sum of $60.18, That no part of said taxes has been paid, and that notice to redeem was duly given, etc.

The defendant John B. Andrews alone answers the petition, and alleges that he is the owner of the real estate in controversy, denies that said land was legally and regularly listed and assessed for taxation for the years 1869 to 1877 inclusive; denies that the taxes set forth in the petition were legally levied, etc., and avers that the several causes of action set forth in the first, second, third, and fourth counts of the petition did not accrue within five years next preceding the commencement of the action.

The action was commenced January 2d, 1882. On the trial of the cause the court found against the defendants on the 5th cause of action, and in their favor on the first, second, third, and fourth causes, and rendered judgment accordingly.

The defense relied upon in the defendant's brief is the statute of limitations. In a number of cases in this court it has been held that the statute of limitations did not begin to run against the lien until the title acquired by the tax deed had failed. *Schoenheit v. Nelson, ante* p. 235. *Bryant v. Estabrook, ante* p. 217. *Zahradnicek v. Selby,* 15 Neb., 579. *Reed v. Merriam,* Id., 323. *Towle v. Holt,* 14 Id., 222. *Miller v. Hurford,* 13 Id., 14. *Wilhelm v. Russell,* 8 Id., 120. *Pettit v. Black,* Id., 52. *Peet v. O'Brien,* 5 Id., 360.

In the case first cited it was held that the revenue law of 1869 did not require the purchaser to take out a tax deed within two years from the date of purchase. The " act to provide a mode of foreclosing tax liens upon real estate in certain cases," approved Feb. 19, 1875, author-

izes the holder of a tax certificate to bring an action to foreclose the same. This was done in this case. It is conceded that the 5th cause of action set forth in the petition is a valid and subsisting lien against the land in question. The revenue law of 1869, which was in force when these taxes were levied, made taxes a perpetual lien upon real estate. In other words the lien continued until the taxes were paid. This being so, the taxes set forth in the first, second, third, and fourth counts of the plaintiff's petition were liens upon the real estate in controversy. The plaintiff, if he had seen fit, could have taken out tax deeds for the years named; and upon the failure of title acquired thereby have foreclosed his tax lien. Instead of doing so, however, he stated facts in the petition showing that such title would be invalid, and asks for the repayment to the amount paid by him with interest. This, we think, he is entitled to. The lien being a subsisting one, the plaintiff is entitled to an account of the amount paid by him with twelve per cent. interest. The judgment of the district court is reversed, and a decree will be entered in this court in conformity to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur. A motion for a rehearing was overruled.