Sophia F. Larson, appellant, v. J. B. Dickey et
al., appellees.

Filed February 20, 1894.   No. 5196.

1. **Constitutional Law**: Tax Deeds. The legislature has the
power to make a tax deed *prima facie* evidence that every re-
quirement of the law necessary to its validity has been com-
plied with.

2. ———: ———. The legislature has the power to make a tax deed
conclusive evidence of compliance with all the requirements of the
law which are merely directory, and which pertain to the regu-
lation or manner of the exercise of the taxing power, and which
requirements it might, in the exercise of its discretion, dispense
with entirely.

3. ———: ———. The legislature has no power to make a tax deed
conclusive evidence of any jurisdictional fact, or fact vital to the
exercise of the power of taxation or sale, divesting the title of
the citizen's property, for non-payment of taxes.

4. ———: Taxation: Tax Sales : Evidence. The constitution
of this state has not committed to the legislature the power of
conclusively determining what facts are jurisdictional or vital
to the exercise of the power of taxation or sale, divesting the
title of the citizen's property for non-payment of taxes. Such
determination belongs to the judiciary.

5. **Tax Deeds**: Execution : Treasurer's Seal. There is no
such thing as a county treasurer's official seal of office provided
for or recognized by the laws of this state, and until the legis-
lature shall provide for an official seal for county treasurers, no
tax deed of any validity can be executed under the present
revenue law.

6. **Constitutional Law**: Tax Deeds: Evidence. The legisla-
ture has no power to make a tax deed conclusive evidence that
the grantee named therein was the purchaser or assignee of the
purchaser at the sale for taxes on which said deed is predicated.

Appeal from the district court of Douglas county.
Heard below before Wakeley, J.

The opinion contains a statement of the case.

*James B. Meikle* and *George W. Covell,* for appellant:

The appellant contends that she has a right to show by the tax list that the delinquent taxes for the year 1885 were not carried forward upon the tax list of 1886, and in consequence thereof that the appellant had no notice the taxes for the year 1885 were delinquent. The provision of section 130, chapter 77, Compiled Statutes, which provides that a tax deed shall be conclusive evidence of the following facts is unconstitutional and void for the reason that it is in conflict with the constitutional provision that no person shall be deprived of life, liberty, or property without due process of law: That the manner in which the listing, assessment, levy, and sale were conducted was in all respects as the law directed; that the grantee named in the deed was the purchaser or his assignee; that all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had, any transaction relating to or affecting the title conveyed or purporting to be conveyed by the deed, from the listing or valuation of the property up to the execution of the deed inclusive, and that all things whatsoever required by law to make a good and valid sale and to vest the title in the purchaser were done, except in regard to the points named in said section, wherein the deed should be presumptive evidence only. (*McCready v. Sexton,* 29 Ia., 359; *Groesbech v. Seeley,* 13 Mich., 329; *Case v. Dean,* 16 Mich., 13; *White v. Flynn,* 23 Ind., 46; *Smith v. Cleveland,* 17 Wis., 556*; *Allen v. Armstrong,* 16 Ia., 508; *People v. Mitchell,* 45 Barb. [N. Y.], 212; Blackwell, Tax Titles, p. 98; *Abbott v. Lindenbower,* 42 Mo., 162, 46 Mo., 291; *Wantlan v. White,* 19 Ind., 470; *Huntington v. Brantley,* 33 Miss., 451.)

The tax deed is void because it does not contain a recital showing where the tax sale was had. (*Haller v. Blaco,* 10 Neb., 36; *Shelley v. Towle,* 16 Neb., 194; *Baldwin v.*

Larson v. Dickey.

*Merriam,* 16 Neb., 199; *Taylor v. Courtnay,* 15 Neb., 198; *Towle v. Holt,* 14 Neb., 227.)

"If a tax deed fails to show that it was made at the place required by law, it is void." (*Howard v. Lamaster,* 11 Neb., 582.)

*Saunders & Macfarland, contra:*

In conformity with the well known principle that those matters over which the legislature has exclusive authority may be required or omitted at its pleasure, it must follow that if the legislature has power to require taxes for the previous year to be entered on the book of subsequent years or not at its discretion, then it has the right to make deeds conclusive evidence of that fact. (Black, Tax Titles, sec. 253.)

The mode of levying, assessing, and collecting taxes is entirely subject to the discretion of the legislature. (*Smith v. Cleveland,* 17 Wis., 556*.)

The manner of the listing and assessing, failure to make entries on proper book, or the failure to list or assess the property within the time provided by law are not jurisdictional matters, and are mere irregularities. (Sec. 142, ch. 77, Comp. Stats.)

A tax deed may be made conclusive evidence of the regularity of all proceedings, and of all matters except the facts of a levy, an assessment, or sale; and it may be conclusive evidence of the regularity of such levy, assessment, or sale. (2 Blackwell, Tax Titles, secs. 850, 851, 852, 853; *Gould v. Thompson,* 45 Ia., 450; *Callanan v. Hurley,* 93 U. S., 387; *Shawler v. Johnson,* 52 Ia., 472; *Phelps v. Meade,* 41 Ia., 473; *Easton v. Perry,* 37 Ia., 681; *Madson v. Sexton,* 37 Ia., 562; *Clark v. Thompson,* 37 Ia., 536; *Hurley v. Powell,* 31 Ia., 64; *Leavitt v. Watson,* 37 Ia., 93; *Martin v. Cole,* 38 Ia., 141; *Robinson v. First Nat. Bank,* 48 Ia., 354; *Jenkins v. McTigue,* 22 Fed. Rep., 148; *Smith v. Cleveland,* 17 Wis., 556*.)

34

It is competent for the legislature to make tax deeds *prima facie* evidence of title in the holder, and to place the burden of proof upon the party attacking such title. (*Delaplaine v. Cook*, 7 Wis., 44; *Genther v. Fuller*, 36 Ia., 604; *Turnny v. Yeoman*, 14 O., 207; *Stanbery v. Sillon*, 13 O. St., 571; *Hoffman v. Bell*, 61 Pa. St., 444; *Hand v. Ballou*, 12 N. Y., 541; *Pillow v. Roberts*, 13 How. [U. S.], 472; *Keely v. Sanders*, 99 U. S., 441; *De Treville v. Smalls*, 98 U. S., 517; *Falkner v. Guild*, 10 Wis., 506; *Stewart v. McSweeney*, 14 Wis., 507; *Whitney v. Marshall*, 17 Wis., 181; *Smith v. Cleveland*, 17 Wis., 556*.)

. A person must be in the actual possession of the premises in order to entitle him to a notice to redeem; constructive possession is not sufficient. (*Parker v. Cochran*, 64 Ia., 757; *Tuttle v. Griffin*, 64 Ia., 455; *Burdick v. Connell*, 69 Ia., 458.)

A comparison of the deed with the statute will show that the deed is in strict conformity with section 127, chapter 77, Compiled Statutes, and has been executed in the manner and form provided by law. The appellant contends that the county treasurer had no authority to provide himself with a seal; but under the statute the county treasurer had authority by implication to provide himself with one. (*Hendrix v. Boggs*, 15 Neb., 472.)

If a form is given by statute and is followed, it must be held sufficient. (Cooley, Taxation [2d ed.], p. 515; *Hubbell v. Campbell*, 56 Cal., 527; *Grimm v. O'Connell*, 54 Cal., 522; *Geekie v. Kirby Carpenter Co.*, 106 U. S., 379; *Martin v. Garrett*, 30 Pac. Rep. [Kan.], 168; *Bell v. Gordon*, 55 Miss., 45.)

Proceedings for the collection of delinquent taxes, and sale of the property by summary process, are not obnoxious to the constitutional provisions as to due process of law. (*Pritchard v. Madren*, 4 Kan., 486; *Murray v. Hoboken Land & Improvement Co.*, 18 How. [U. S.], 272; *McMillen v. Anderson*, 95 U. S., 37; *Davidson v. City of New Or-*

*leans,* 96 U. S., 97; *Springer v. United States,* 102 U. S., 586; *Bennett v. Hunter,* 9 Wall. [U. S.], 326; 2 Desty, Taxation, pp. 749–753; Cooley, Taxation, p. 464; 1 Blackwell, Tax Titles, sec. 75.)

RAGAN, C.

During the year 1885, and until October 14, 1886, one Marcus P. Mason owned lots 11 and 12 in block 4, Kilby Place, in the city of Omaha, Nebraska.    On said last date Mason sold, and by warranty deed conveyed, said premises to Sophia F. Larson.    These lots were assessed for taxes in the name of Mason for the year 1885, and on the 6th day of November, 1886, were sold at the county treasurer's public tax sale for the taxes of 1885, to one Dickey, who afterwards, on the 20th day of November, 1888, obtained a treasurer's tax deed for the property, based on the sale made thereof in 1886, for the delinquent taxes for the year 1885.    This suit was brought in the district court of Douglas county, by Mrs. Sophia F. Larson against J. B. Dickey, the holder of the tax deed, and James M. Taylor, his lessee, for the purpose of canceling said tax deed.    In her petition Mrs. Larson tendered Dickey the amount which he had paid for the tax title, together with interest and costs.    Both parties submitted their title to the court. The court found and decreed that the tax deed was valid and divested Mrs. Larson of her title to the property. From this decree Mrs. Larson appeals to this court.

Section 86 of the revenue act of 1879, chapter 77, Compiled Statutes, 1893, provides: "In all cases where taxes are delinquent on any real property, for any preceding year, or years, it shall be the duty of the county clerk in making up the list for the current year, to enter the amount of the delinquent tax opposite the tract or parcel of real property against which it was charged, in a suitable column or columns, with the year or years in which the same was due, and the amount thereof shall be collected in like

manner as tax for other real property of that year may be collected."

On the trial in the district court Mrs. Larson offered to prove by competent evidence that when the 1886 tax was extended against this property by the county clerk the delinquent taxes against the same for the year 1885, and for which it had been sold, were not carried forward on the tax list and entered as delinquent against the property with the taxes assessed thereon for the year 1886. The district court excluded this evidence on the theory, as appears from a copy of the court's opinion found in the brief of counsel for the appellant, that section 130 of this revenue law made the tax deed conclusive evidence that the requirement of said section 86 had been complied with. Said section 130 is in words and figures as follows:

"Sec. 130. Deeds made by the county treasurer as aforesaid shall be presumptive evidence in all the courts of this state, in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts: 1. That the real property conveyed was subject to taxation for the year or years stated in the deed; 2. That the taxes were not paid at any time before the sale; 3. That the real property conveyed had not been redeemed from the sale at the date of the deed; 4. That the property had been listed and assessed; 5. That the taxes were levied according to law; 6. That the property was sold for taxes as stated in the deed; 7. That notice had been served and due publication had, as required in section 123 of this chapter, before the time of redemption had expired. And it shall be conclusive evidence of the following facts: 1. That the manner in which the listing, assessment, levy, and sale were conducted was in all respects as the law directed; 2. That the grantee named in the deed was the purchaser or his assignee; 3. That all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had, any part or

action in any transaction relating to or affecting the title conveyed, or purporting to be conveyed by the deed, from the listing and valuation of the property up to the execution of the deed, both inclusive, and that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser, were done, except in regard to the points named in this section, wherein the deed shall be presumptive evidence only. And in all controversies and suits involving the title to real property claimed and held under and by virtue of a deed made substantially as aforesaid by the treasurer, the person claiming the title adverse to the title conveyed by such deed, shall be required to prove, in order to defeat the said title, either that the said real property was not subject to taxation for the year or years named in the deed, that the taxes had been paid before the sale, that the property had been redeemed from the sale according to the provisions of this chapter, and that such redemption was had or made for the use and benefit of persons having the right of redemption under the laws of this state, or that there had been an entire omission to list or assess the property, or to levy the taxes, or to sell the property; but no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person or the person under whom he claims title as aforesaid; *Provided*, That in any case where a person had paid his taxes, and through mistake in the entry made in the treasurer's books or in the receipt, the land upon which the taxes were paid was afterwards sold, the treasurer's deed shall not convey the title; *Provided further*, That in all cases where the owner of lands sold for taxes shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling the same or in the purchaser to defeat the

same, and if fraud is so established such sale and title shall be void."

The learned judge of the district court was right in holding that this section made the tax deed conclusive evidence that the requirements of said section 86 had been complied with; but is this section 130 constitutional in so far as it makes the tax deed conclusive evidence that the thing was done which it is here sought to prove, and, as a matter of fact, was not done?

At common law, it was necessary that one who claimed to have obtained title to property of another under proceedings based upon a neglect of public duty, should take upon himself the burden of showing that the law had been complied with by those who had had the proceedings in charge; especially if the proceedings would operate with severity and be in their effects something in the nature of a forfeiture. The law was strict in its requirements that his evidence should exhibit the proceedings, from step to step, and show that each of the safeguards with which the statute had surrounded the delinquent for his protection in this very emergency had been duly observed. This rule of the common law has not been modified by the decisions and is still recognized and enforced where statutes have not changed it. (Cooley, Taxation, p. 326.) It will be observed that this section 130 of our revenue law makes the tax deed *prima facie* evidence that certain requirements of the revenue law, leading up to the sale of property for taxes, have been complied with, thus casting the burden on the one assailing the validity of a tax deed of showing that such requirements had not been complied with; and said section 130 also makes the tax deed conclusive evidence that every fact existed; that everything had been done and every requirement of the law complied with necessary to the validity of the deed, except those requirements whose performance are made *prima facie* evidence.

It is said by counsel for appellant that section 130 is

repugnant to the constitution, in that in making the tax
deed conclusive evidence of certain matters, it deprives
the citizen of his property without due process of law.
The question is an intensely interesting one, and we have
tried to give it such time and attention as its importance
deserves, but it would extend this opinion to an unreason-
able length to quote and comment upon all the cases ex-
amined in its investigation.    I have no doubt, however,
that the following propositions are established by the
weight of authority in this country.

1. That the legislature has power to make tax deeds
*prima facie* evidence that every requirement of the law
necessary to their validity has been complied with.   (Black,
Tax Titles, sec. 449, and cases there cited; Cooley, Con-
stitutional Limitations, p. 458; *Raley v. Guinn*, 76 Mo.,
263; *Abbott v. Lindenbower*, 42 Mo., 162; *Callanan v.
Hurley*, 93 U. S., 387.)

2. That the legislature has the power to make a tax
deed conclusive evidence of compliance with all the re-
quirements of the law which are merely directory and
which pertain to the regulation or the manner of the exer-
cise of the taxing power, and which requirements it might,
in the exercise of its discretion, dispense with entirely.
(Black, Tax Titles, sec. 452, and cases there cited; *Allen
v. Armstrong*, 16 Ia., 508.)

3. That the legislature has no power to make a tax deed
conclusive evidence of any jurisdictional fact, or fact vital
to the exercise of the power of taxation or sale, divesting
the title of the citizen's property for the non-payment of
taxes. (*Bannon v. Burnes*, 39 Fed. Rep., 892; *Marx v.
Hanthorn*, 30 Fed. Rep., 579; *Abbott v. Lindenbower*, 42
Mo., 162; *Wantlan v. White*, 19 Ind., 470; *White v.
Flynn*, 23 Ind., 46; *McCready v. Sexton*, 29 Ia., 356;
*Allen v. Armstrong*, 16 Ia., 508; *Groesbeck v. Seeley*, 13
Mich., 330; *In re Douglass*, 41 La. Ann., 765.)

4. The constitution of this state has not committed to

the legislature the power of conclusively determining what facts are jurisdictional or vital to the exercise of the power of taxation or sale divesting the title of the citizen's property for the non-payment of taxes. Such determination belongs to the judiciary.

The authorities establishing the foregoing propositions lead us to the conclusion that the requirement found in said section 86, that the county clerk should enter the delinquent tax of 1885 against these lots on the tax list of 1886, is one not jurisdictional or vital to the exercise of the powers of taxation or sale, and one that the legislature might have dispensed with altogether, and of the performance of which the legislature could make the tax deed conclusive evidence, and that, therefore, the court did not err in refusing to permit Mrs. Larson to prove that the county clerk did not in fact comply with said section 86.

The next error assigned by the appellant is that the district court erred in admitting in evidence the tax deed sought to be canceled by this suit. The objections made to this deed are as follows: (1) That it does not show where the tax sale was held; (2) that it does not show for the taxes of what year the property was sold; (3) that it does not show for what amount the property was sold; (4) that it is not witnessed; (5) that there is no seal of any court attached thereto; (6) that the deed is not acknowledged; (7) that it does not purport on its face to have been executed by the county treasurer of Douglas county, Nebraska; (8) that it does not show to whom the property was sold; (9) that it is not attested by the seal of any person authorized by law to use a seal. The deed was as follows:

"STATE OF NEBRASKA, }
   DOUGLAS COUNTY. }

"Whereas, at a public sale of real estate for the non-payment of taxes, made in the county aforesaid, on the fourth (4th) day of November, A. D. 1886, the following

described real estate was sold, to-wit: Lots eleven (11) and twelve (12), in block four (4), in Kilby Place addition to the city of Omaha, as surveyed, platted, and recorded;

"And whereas, the same not having been redeemed from such sale, and it appearing that the holder of the certificate of purchase of said real estate has complied with the laws of the state of Nebraska necessary to entitle J. B. Dickey to a deed of said real estate:

"Now, therefore, know ye, that I, Henry Bollin, county treasurer of said county of Douglas, in consideration of the premises, and by virtue of the statutes of the state of Nebraska in such cases provided, do hereby grant and convey unto J. B. Dickey, his heirs and assigns forever, the said real estate hereinbefore described, subject, however, to any redemption provided by law.

"Given under my hand and the seal of our court, this 20th day of November, A. D. 1888.

"[SEAL.]                         HENRY BOLLIN,
                                   "*County Treasurer.*"

In support of the first objection made by the appellant, we are cited to the following cases: *Haller v. Blaco,* 10 Neb., 36, *Howard v. Lamaster,* 11 Neb., 582, *Thompson v. Merriam,* 15 Neb., 498, and *Shelley v. Towle,* 16 Neb., 194. These authorities do say that if a tax deed fails to show that the tax sale was made at the place required by law, that the deed is void; but it must be borne in mind that these decisions were rendered under the revenue law of 1869. Section 56 of that law, as section 109 of the revenue law of 1879, required the county treasurer to hold the sales of lands made by him for unpaid taxes "at the court house, or the place of holding court in his county, or at the treasurer's office." But the form of the tax deed prescribed by section 68 of the revenue act of 1869 required a recital in such deed of the place where the tax sale was held. This requirement is not in the form of tax deed prescribed by section 127 of the revenue act of 1879,

the section on which the tax deed in suit is based. The cases cited above from this court are, therefore, not applicable to the case at bar.

Again, the subject-matter of objections Nos. 1, 2, and 3 as well, embraces facts of the performance of which, according to law, we have seen it was competent for the legislature to make the tax deed conclusive evidence. As these objections assail the deed only on that ground, they are untenable.

We will consider objections Nos. 4 and 6 together. The revenue law of 1866 required that a tax deed should be executed by the county treasurer under his hand, and the execution thereof attested by the county clerk with the county seal, and that such tax deed should be acknowledged. By this law not only was the tax deed required to be witnessed, but the law specified the witness. Section 68 of the revenue law of 1869 contained precisely the same provision. The revenue law of 1879, the one under consideration, is substantially a re-enactment in most respects of the acts of 1866 and 1869, but in the act of 1879 section 68 of the act of 1869 was left out, and in its place was put section 221 of the revenue act of 1873 of the state of Illinois, which is our section 127, chapter 77, Compiled Statutes of 1893, and is as follows:

"Sec. 127. The deed so made by the county treasurer under the official seal of his office shall be recorded in the same manner as other conveyances of real estate, and shall vest in the grantee, his heirs and assigns, the title of the property therein described, without further acknowledgment or evidence of such conveyance, and said conveyance shall be substantially in the following form:

" STATE OF NEBRASKA, —— COUNTY. Whereas, at a public sale of real estate for the non-payment of taxes made in the county aforesaid, on the —— day of ——, A. D. 18—, the following described real estate was sold, to-wit: (here place description of real estate conveyed); and whereas,

the same not having been redeemed from such sale, and it appearing that the holder of the certificate of purchase of said real estate has complied with the laws of the state of Nebraska necessary to entitle (insert him, her, or them) to a deed of said real estate : Now, therefore, know ye, that I, ——, county treasurer of said county of ——, in consideration of the premises, and by virtue of the statutes of the state of Nebraska in such cases provided, do hereby grant and convey unto ——, his heirs and assigns forever, the said real estate hereinbefore described, subject, however, to any redemption provided by law.

"Given under my hand and the seal of our court this —— day of ——, A. D. 18—.

"—— ——, *County Treasurer.*"

The only difference in this section and said section 221 of the Illinois statute is this: The word " Nebraska " has been substituted for the word " Illinois," and the word "treasurer" for the word " clerk." The law of Illinois in force at the date of the enactment of the statute of which said section 127 of our revenue act is a copy, required the execution of all conveyances of real estate to be acknowledged or proved, in order to entitle such conveyance to be recorded, and thus become of themselves evidence, but did not require the signature of the grantor to a real estate conveyance to be witnessed. The conveyance was entitled to record if acknowledged by the grantor or his signature proved; hence the language of this section 221, our 127 : " That the deed so made by the county treasurer  *  *  * shall vest in the grantee  *  *  *  the title of the property  *  *  *  without further acknowledgment or evidence of such conveyance." Now, the object of statutes requiring conveyances of real estate to be acknowledged is to make them evidence without extraneous proof of their execution, and to entitle them to be recorded, thus perpetuating them as evidence. The acknowledgment, however, is not part of a deed. (*Burbank v. Ellis*, 7 Neb., 157.)

But to entitle a deed to be acknowledged, and thus made of itself evidence, it must first be executed (and this execution proved) as the statute provides.   Our statute on the subject. of the execution of real estate conveyances, section 1, chapter 73, Compiled Statutes, 1893, provides : " Deeds of real estate or any interest therein in this state, except leases for one year or for a less time, if executed in this state, must be signed by the grantor or grantors, being of lawful age, in the presence of at least one competent witness, who shall subscribe his or her name as a witness thereto, and be acknowledged or proved and recorded as directed in this chapter."   With this statute before us, and bearing in mind that the revenue acts of this state prior to the act of 1879 required the execution of tax deeds to be witnessed and acknowledged in order to entitle them to record, and thus make them evidence, can it be said our legislature intended to do away with these requirements because of the interpolation of this section 221 of the Illinois statute into our revenue act?   Had the revenue acts of 1866 and 1869 been silent on the subject of witnessing and acknowledging of tax deeds, it seems that the general statute on the subject of the execution, witnessing, and acknowledging of conveyances of real estate would have been applicable to tax deeds made under said acts. (*Heelan v. Hoagland,* 10 Neb., 511; *Stierlin v. Daley,* 37 Mo., 483; *Tilson v. Thompson,* 27 Mass., 359.)

The language of section 127 should be strictly construed in favor of the citizen, the title to whose property is sought to be divested by a tax deed.   It is said in said section that " the ·deed so made by the county treasurer   *   *   * shall vest in the grantee   *   *   * the title of the property   *   *   * without further acknowledgment or evidence of such conveyance."   Now, every conveyance of real estate can only be recorded when acknowledged, and can only be acknowledged when the signature of the grantor is witnessed or proved.   The words " without further ac-

knowledgment or evidence," it would seem, ought not in this case to be construed to read: "Without any acknowledgment or evidence of such conveyance;" especially in view of our statutes, by which the holder of a void tax deed is subrogated to the lien of the public for taxes on real estate, and by which the holder is allowed to foreclose his lien in equity against the property, and thus acquire, if the same be redeemed, a large return on his investment, and if not redeemed, an indefeasible title to the property. Since the decree must be reversed on another ground, we do not decide whether the failure to witness or acknowledge the deed renders it void.

Objection No. 7, made to this tax deed, is untenable. True, the words " of Douglas county, Nebraska" do not follow the signature "Henry Bollin, county treasurer," but the deed is headed "State of Nebraska, Douglas county," and in it is the statement "I, Henry Bollin, county treasurer of said Douglas county," etc. This is sufficient, so far as the objection made is concerned.

We next direct our attention to objections Nos. 5 and 9. The substance of these objections is that the deed of the treasurer shows that it was not executed under the official seal of his office. The copy of the deed in the bill of exceptions recites: "Given under my hand and the seal of our court, this 20th day of November, A. D. 1888. [Seal.] Henry Bollin, County Treasurer." It will be observed that this is the exact language of the form of tax deeds provided for by section 127 quoted above from our revenue act, and which is, as already stated, a copy of section 221 of the Illinois revenue act of 1873.  By the statute of Illinois in force when this section 221 was enacted, the collector of taxes brought a proceeding or suit in the county court against all the property and the parties in whose name the same was listed on which taxes were delinquent, and gave notice by publication in a newspaper that at a certain term of the county court he would apply for judgment against

such property and persons for the unpaid taxes and for an order of the court for a sale of the property. At the term fixed by the notice, the taxes against any piece of property remaining unpaid, and no defense being interposed to the collector's proceeding, the county court rendered judgment against the property for the unpaid taxes and an order that the collector sell. The statutes also made the county court a court of record, and the county clerk the clerk thereof, and required all tax deeds to be executed by the county clerk under the official seal of his office, which seal of the county clerk became and was, by virtue of the statute, the seal of the county court. This explains the words "under the official seal of his office," and the words "the seal of our court," found in section 127 of our law. It is our duty to give effect to this section 127 if possible, but by any construction it makes it the duty of the county treasurer to execute tax deeds under the official seal of his office. But there is no such thing as the county treasurer's official seal of office provided for or recognized by our statutes, and until the legislature shall provide for an official seal for county treasurers, they cannot execute tax deeds of any validity under the present law. If the legislature had so provided for an official seal for county treasurers, and if this tax deed had been attested by such seal, the court might regard the words "of our court" as surplusage, and thus give effect to the law; but under the name of "construction," we cannot read out of this section the words "under the official seal of his office," for this would be, in effect, legislation. From the copy of the tax deed in the record we do not know what seal or kind of seal was used by the treasurer, but it is wholly immaterial, as he could not lawfully use any. It follows that objections Nos. 5 and 9 were well taken and should have been sustained.

It remains to consider objection No. 8. It will be observed that said section 130, quoted above, makes the tax deed conclusive evidence of the fact that the grantee named

in the deed was the purchaser, or his assignee, of the property at the tax sale. Is it within the power of the legislature to make this tax deed conclusive evidence of such fact? We do not think it is. Suppose this property had been sold to John Doe and a certificate of sale issued to him, and the same had been lost or stolen, and an indorsement of his name forged thereon under a false assignment of the certificate to Richard Roe, and he had presented the certificate and obtained the tax deed. In a suit by Doe to recover this land no lawyer would contend that the tax deed would be conclusive evidence for Roe of his rightful ownership, nor that the legislature could make it such. We apprehend that it is beyond the power of the legislature to restrain a defendant in any suit from setting up a defense to an action against him. Due process of law not only requires that a party shall be properly brought into court, but that he shall have the opportunity, when in court, to establish any fact, which, according to the usages of common law or provisions of the constitution, would be a protection to his property. (*Wright v. Cradlebaugh,* 3 Nev., 341.) There are fixed bounds to the power of the legislature over the subject of evidence, which must not be exceeded. As to what shall be evidence and who shall assume the burden of proof, its power is unrestricted so long as its rules are impartial and uniform; but it has no power to establish rules which, under pretense of regulating evidence, altogether prohibit a party from exhibiting his rights. (Cooley, Constitutional Limitations [4th ed.], 457.) While the courts should treat with great respect the enactments of the legislative department of the government, yet the courts, which stand as the last resort of the citizen and the sworn guardian of his property rights, cannot fail to recognize that there are some things which even a legislature cannot do. Due process of law is not any process which legislative power may devise. (*Bannon v. Burnes,* 39 Fed. Rep., 892; *Wantlan v. White,*

19 Ind., 470.)   Does it alter the case that the suit is by the owner whose title is sought to be divested by tax deed? This deed is, as we have already seen, void for several reasons, but, under our statute, the lawful owner of it is entitled to a lien on this property for taxes paid at the sale and since.   Is this deed conclusive evidence that this holder is the one entitled to such lien?   Had Dickey brought this suit to foreclose his lien, alleging his tax deed to be void, and Mrs. Larson had answered denying, as she might lawfully have done, Dickey's ownership of the lien, would this tax deed have been conclusive evidence that Dickey was the lawful owner?   We think not.   It follows that the decree of the district court must be reversed and the cause remanded with instructions to that court on payment by Mrs. Larson of the taxes and expenses, the tender of which was made in her petition, to enter a decree canceling the said tax deed and lease of the appellees, and quiet and confirm the title to said real estate in appellant.

REVERSED AND REMANDED.