WILLIAM FRANK, APPELLEE, v. LIBBIE C. SCOVILLE, APPELLANT, ET AL.

| 48 | 169 |
|----|-----|
| 57 | 685 |

FILED APRIL 21, 1896.    No. 6547.

1. **Review: REFUSAL TO MAKE FINDING.** No ground of complaint is presented by the refusal of the court to make a finding in support of which there had been offered no sufficient evidence.

2. **Treasurer's Deeds.** A county treasurer's tax deed under the present condition of the statutes of this state is invalid either with or without a seal.

3. **Void Tax Deeds: HOLDERS OF TAX LIENS: REIMBURSEMENT: SUBROGATION.** Where a tax deed of the treasurer is invalid because no seal of the treasurer is attached thereto or because the statute authorizes no such seal, the holder thereof is entitled to reimbursement for the amount of such taxes as he has paid upon his purchase, and subsequent taxes properly paid, and in respect thereto to be subrogated to the rights of the public as to the liens of such taxes and interest.

APPEAL from the district court of Hall county. Heard below before THOMPSON, J.

*Abbott & Caldwell*, for appellant.

*R. C. Glanville*, contra.

RYAN, C.

In his petition filed in the district court of Hall county the plaintiff alleged that by purchase from two heirs of Leonard Burge, deceased, he had become and still continued to be the owner of an undivided two-thirds of certain lots which he described. Libbie C. Scoville, it was alleged, was the holder of a certain invalid tax deed, which created a cloud upon plaintiff's title, and it was prayed that the amount necessary to enable plaintiff to redeem should be ascertained by the court, that plaintiff might be adjudged entitled to redeem therefrom, and that, upon such redemption being made, plaintiff's title might be quieted. By her answer, Libbie C. Scoville admitted that there had been made to her, by the treasurer of Hall county, a tax deed which, as she alleged, was valid and gave her full title to the lots described in plaintiff's petition. This defendant in her answer also alleged that, as the widow of Leonard Burge, she was entitled to dower in the lots in controversy, which dower she prayed might be set apart for her. She furthermore answered that she had paid the taxes from the year 1874 to 1890, inclusive, which, with interest thereon, amounted to $225, and had on July 12, 1876, paid off a mortgage made on said lots by Leonard Burge and herself, for which purpose she had been required to pay, and had paid, on or about December 24, 1884, the sum of $144, which sum, with interest to January 1, 1892, amounting to $244.80, with the aforesaid taxes, this defendant prayed to be decreed a lien on the aforesaid lots paramount to every other claim. These averments were denied in the reply, and the statute of limitations was pleaded as to payment of the mortgage described. There was a decree which allowed Libbie C. Scoville $250.61 for and on account of taxes, and created this the first lien upon the lots in controversy.

In the brief submitted on behalf of the appellant, Mrs. Scoville, there was a complaint that the court allowed

nothing on account of the mortgage. There was no sufficient proof pointed out by the brief of appellant as to why such mortgage should have been reinstated in favor of Mrs. Scoville, and we have been unable to find any evidence that she paid it, for the release was silent as to who had paid, and upon this point there was no other evidence. So, too, as to the alleged dower interest of Mrs. Scoville, there was proof that at the time of the death of Leonard Burge she was his wife, while there was some testimony tending to show that he had obtained a divorce from her.

After this cause had been tried, and on April 15, 1893, contemporaneously with the entry of the decree, the attorneys for Mrs. Scoville notified the court and desired that she might have leave to file an amended and supplemental answer, thereafter to be prepared. This was filed June 19, 1893, although the record shows that the motion for leave to file the same was denied on that day, except for the correction of a mistake disclosed by the decree itself. The matter which the court refused to allow to be pleaded was the payment of an alleged sidewalk tax of $41.55, made during the pendency of the action. There had been introduced no evidence requiring this proposed amendment of the answer, and it was no abuse of discretion for the court to refuse this new cause of action to be stated more than two months after the judgment which settled all matters as to which issue had been joined, and which had not by the decree itself been expressly excepted from its operation.

In the discussion of the only question presented, to-wit, the rights of Mrs. Scoville with respect to the taxes paid by her, there was, between counsel, charges and countercharges of improper conduct with reference to the tax deed made to Mrs. Scoville. Whether or not there was on it a seal, originally, and whether or not there was sharp practice in obtaining an inspection of such deed to obtain evidence of the non-existence of such seal, and whether or not a seal was surreptitiously placed upon

the deed after this action was begun, are matters of no
real importance in view of the holding of this court in
*Thomsen v. Dickey,* 42 Neb., 314, and *Larson v. Dickey,* 39
Neb., 471, for, under the rule announced in those cases, a
seal in any event could effect nothing.   There is no claim
that the court erred in the amount of the assessment on
account of taxes paid, and it was proper to establish this
as a lien upon the interest of plaintiff in the aforesaid lots,
and Mrs. Scoville was entitled to nothing more than was
by the decree awarded her. (See *Adams v. Osgood,* 42 Neb.,
450.)   The judgment of the district court is therefore

                                              AFFIRMED.

HARRISON, J., not sitting.