JOSEPH S. WELLS V. HENRY STECKLEBERG.*

FILED FEBRUARY 16, 1897. No. 7113.

1. **Guardian and Ward:** FAILURE OF GUARDIAN TO QUALIFY: VOID
SALES. One assuming to act as the guardian of the estate of a
minor, who, in fact, has never qualified as such, has no standing
to apply for authority to sell such minor's real estate, and an
order made upon such application is an absolute nullity, as is
also a sale thereunder, especially without service thereof as re-
quired by section 49, chapter 23, Compiled Statutes.

2. ——: ——: ——. The provisions of section 64, chapter 23,
Compiled Statutes, apply to mere irregularities in respect to
guardians' sales. They do not and cannot operate to confer juris-
diction otherwise entirely without existence.

ERROR from the district court of Stanton county. Tried
below before NORRIS, J. *Reversed.*

The facts are stated in the opinion.

*George G. Bowman, Albert & Reeder,* and *John A. Ehr-
hardt,* for plaintiff in error:

The notice did not conform to the statutory require-
ment and amounted to no notice at all. The order of sale
was therefore void. (*Mickel v. Hicks,* 19 Kan., 578; *Valle
v. Fleming,* 19 Mo., 454; *Sibley v. Waffle,* 16 N. Y., 180;
*Blodgett v. Hitt,* 29 Wis., 169; *Tunis v. Withrow,* 10 Ia., 305;
*Newcomb v. Dewey,* 27 Ia., 381; *McAllister v. Moye,* 30 Miss.,
258; *Lyon v. Vanatta,* 35 Ia., 521; *Spragins v. Taylor,* 48
Ala., 520; *Frazier v. Miles,* 10 Neb., 109; *Pardon v. Dwire,*
23 Ill., 572.)

John B. Wells never having been appointed guardian,
the district court was without jurisdiction and its judg-
ment, the sale, and other proceedings are void. (*Thatcher
v. Powell,* 6 Wheat. [U. S.], 119; *Galpin v. Page,* 18 Wall.
[U. S.], 350; *Morse v. Presby,* 25 N. H., 299; *Carleton v.*

*Rehearing allowed.

*Washington Ins. Co.*, 35 N. H., 162; *Gunn v. Howell*, 27 Ala., 663; *Foster v. Glazener*, 27 Ala., 391; *Barry v. Patterson*, 3 Humph. [Tenn.], 313; *Cooper v. Sunderland*, 3 Ia., 114; *Wight v. Warner*, 1 Doug. [Mich.], 384; *Northcut v. Lemery*, 8 Ore., 317; *Fergeson v. Jones*, 20 Pac. Rep. [Ore.], 848; *Crawford v. Howard*, 30 Me., 422; *Walbridge v. Hall*, 3 Vt., 114; *Smith v. Rice*, 11 Mass., 513; *Henry v. Estes*, 127 Mass., 474; *Hall v. Howd*, 10 Conn., 514; *Gray v. McNeal*, 12 Ga., 424; *Rutherford v. Crawford*, 53 Ga., 138; *Horan v. Wharenberger*, 9 Tex., 313; *State v. Metzger*, 26 Mo., 65; *Chandler v. Nash*, 5 Mich., 409; *Grier's Appeal*, 101 Pa. St., 412; *Maxsom v. Sawyer*, 12 O., 195; *Perry v. Brainard*, 11 O., 442; *Pryor v. Downey*, 50 Cal., 388; *Whitesides v. Barber*, 24 S. Car., 373.)

*W. W. Young* and *Allen, Robinson & Reed, contra:*

Jurisdiction attached when the guardian filed his petition for the sale of the property. (*Grignon v. Astor*, 2 How. [U. S.], 319; *Mohr v. Manierre*, 101 U. S., 417; *Beauregard v. City of New Orleans*, 18 How. [U. S.], 502; *Comstock v. Crawford*, 3 Wall. [U. S.], 396; *George v. Watson*, 19 Tex., 354; *McPherson v. Cunliff*, 11 S. & R. [Pa.], 422; *Alexander v. Maverick*, 18 Tex., 179; *Meyers v. McGavock*, 39 Neb., 843; *Morrow v. Weed*, 4 Ia., 77; *Davenport v. Schmidt*, 15 Ia., 213; *Frazier v. Steenrod*, 7 Ia., 339; *Meyer v. McDougal*, 47 Ill., 278; *Moore v. Neil*, 39 Ill., 256; *Morris v. Hogle*, 37 Ill., 150; *Hawkins v. Hawkins*, 28 Ind., 66; *Stow v. Kimball*, 28 Ill., 108; *Doe v. Anderson*, 5 Ind., 33.)

The court having jurisdiction, the purchaser is not bound to look beyond the decree; and his title is good. Irregularities in the proceedings would not invalidate the sale. (*Darrah v. Watson*, 36 Ia., 116; *De Tar v. Boone County*, 34 Ia., 490; *Cooper v. Sunderland*, 3 Ia., 133; *United States v. Arredondo*, 6 Pet. [U. S.], 729; *Elliott v. Piersol*, 1 Pet. [U. S.], 340; Compiled Statutes, ch. 23, sec. 64; *Thaw v. Ritchie*, 136 U. S., 548; *Thompson v. Tolmie*, 27 U. S., 157; *McNitt v. Turner*, 83 U. S., 352.)

RYAN, C.

This was an action of ejectment brought by Joseph S. Wells against Henry Steckleberg in the district court of Stanton county. The petition was in the ordinary form and was filed September 18, 1891. The answer was a general denial. Upon the trial of the issues to the court there was a judgment in favor of the defendant.

Joseph S. Wells inherited an interest in certain real estate of his mother at her death, in 1872. He was then two years of age. By partition proceedings in 1880, he was vested with the title to the property which is the subject-matter of this action. There was an application for the sale of this land by John B. Wells, in which the applicant described himself as the "Guardian of Joseph S. Wells duly appointed by the probate court in said Platte county." This application was granted, and by virtue of the authority thus conferred upon him, and no other, John B. Wells, at a public sale, sold said real property to Henry Steckleberg and afterwards, as guardian, accordingly executed a deed of the property, the sale meantime having been confirmed. On the trial of this action there was left, by the evidence, no room for doubt that John B. Wells had never been appointed guardian of his son, Joseph S. Wells. Indeed, his own testimony was that he assumed to act in making the sale and executing the deed, solely as the natural guardian of his son. Before he attained his majority, Joseph S. Wells notified Mr. Steckleberg that he repudiated the entire transaction by virtue of which Steckleberg now claims title, and he has since acted consistently with this his declared purpose, so that there is presented no element of estoppel in this case. It is quite clear, from an examination of section 6 of chapter 34 of the Compiled Statutes of 1883, that the father was the natural guardian of his minor child and was entitled to the care and custody of the minor's person. For him, or any one else, to dispose of the property of such minor it was, and still is, necessary

that he should be appointed by the probate court and qualify, as required by law, as guardian of the minor's estate. (Compiled Statutes, 1895, ch. 34.) An application to sell the property of a minor by one who did not claim to act as guardian would be an absolute nullity, and could confer no jurisdiction to make such sale or a conveyance thereunder, and, on principle, we cannot see that this is the less the case when the applicant falsely describes himself as guardian and thus perpetrates a fraud upon the court. In this case there was no copy of the order of the sale served upon the next of kin of the minor as required by section 49, chapter 23, Compiled Statutes; indeed the order had been fraudulently procured by the very person upon whom, ordinarily, this order should have been served, and to whom the minor ought to be able, confidently, to look for the protection of his interests. There was a publication of the order required to be made in a newspaper, but that did not purport to dispense with the statutory service of the order above noted. There was, therefore, neither jurisdiction of the subject-matter nor of the person of the minor.

Notwithstanding the want of jurisdiction pointed out, it is insisted by the defendant that these matters are unavailable because of the provisions of section 64, chapter 23, Compiled Statutes, which are as follows:

"Sec. 64. In case of an action relating to any estate sold by a guardian, under the provisions of this subdivision, in which the ward or any person claiming under him shall contest the validity of the sale, the same shall not be avoided on account of any irregularity in the proceedings, provided it shall appear: First—That the guardian was licensed to make the sale by a district court of competent jurisdiction. Second—That he gave a bond, which was approved by the judge of the district court in case any bond was required by the court, upon granting the license. Third—That he took the oath prescribed in this subdivision. Fourth—That he gave notice of the time and place of the sale as prescribed by law. Fifth—

47

That the premises were sold accordingly, at public auction, and are held by one who purchased in good faith."

The question involved is not one of mere irregularity. It is a question of jurisdiction, that is to say, of power to make any order of sale whatever; and hence, these provisions cannot be invoked. But even if by this section it had been attempted to declare the proceedings conclusively binding as to jurisdiction, no more power would have been assumed than was in section 130, chapter 77, article 1, Compiled Statutes, as to the conclusiveness of a tax deed, and yet this court has said that the creation of this conclusive presumption is not within the power of legislature. (*Larson v. Dickey*, 39 Neb., 463.) In view of the fact that the court was without jurisdiction to order the sale of the property of the minor, the deed executed by John B. Wells, as guardian, to Henry Steckleberg was a mere nullity. The judgment of the district court based upon this deed as evidence was therefore erroneous and, accordingly, it is reversed and this cause is remanded for further proceedings not inconsistent with the views above expressed.

REVERSED AND REMANDED.

POST, C. J., not sitting.